1831.

White
v.
Buloid.

---

WHITE *vs.* BULOID and others.

The personal representatives of a deceased sole complainant may be substituted as complainants on motion or petition, under the statute, without resorting to a formal bill of revivor.

But if the other parties in the cause, who have appeared, do not join in the application to substitute the representatives of the deceased complainant as parties in his place, they must have due notice of the application.

Whether, on an appeal from a decision of a vice chancellor denying an ex parte application, the appellant can bring on the argument of the appeal ex parte? Quære.

If a deceased complainant was before the court in two different characters, and by his death the rights in one character are cast upon a defendant in the cause, and in the other character upon the personal representative, whether the latter can be substituted as complainant, under the statute? Quære.

THIS was an appeal from the decision of the vice chancellor of the first circuit. The complainant was the only executrix of Charles White deceased who had obtained probate of the will; and the bill was filed by her to reach certain funds, the proceeds of his estate, which the complainant claimed on account of a debt alleged to be due to her from the decedent. Some of the defendants appeared and answered; and the cause being at issue, the parties had com-

July19th.

menced taking testimony therein when the sole complainant died. Mrs. Buloid, one of the defendants, as surviving exec-, utrix of C. White, thereupon obtained letters testamentary, *de bonis non,* &c. upon his estate ;. and administraton of the estate of Lydia White the deceased complainant, with the will annexed, was granted to the public administrator of the city of New-York. The latter, on affidavit of these facts, made an ex parte application to the vice chancellor of the first circuit, before whom the cause was pending, to be made complainant in the suit, according to the statute. The vice chancellor decided that the suit being entirely abated, by the death of the sole complainant, it could not be revived by her personal representative, by motion or petition under the provisions of the revised statutes ; but that a bill of revivor was necessary. From this decision the public administrator appealed to the chancellor.

*W. Silliman,* for the appellant, submitted the case, ex parte, on a written brief.

The Chancellor. I have some doubts as to the regularity of bringing on this appeal without notice to the defendants who had appeared in the suit before the vice chancellor. Although they had no notice of the application to the judge *a quo,* yet they have an interest in the question, and will be affected by the order of the chancellor if the decision if the vice chancellor is reversed. But as the result must be the same, and the decision on this appeal will not be considered *res adjudicata* against them, if they think proper hereafter to discuss the same questions, I shall proceed to dispose of the appeal upon the ex parte argument of the appellant's counsel. (See *Linwood* v. *Hathom,* 3 Bligh's P. Rep. 200.)

The order of the vice chancellor, refusing the ex parte application to revive, was correct ; but not for the reasons stated in that order and in the opinion endorsed on the papers. The 115th, 116th and 117th sections of that title of the revised statutes which relates particularly to this court, (2 R. S. 184,) were intended to embrace the provisions contained in the last clause of the 7th section of the act of 1813, "concerning the court of chancery," (1 R. L. of 1813, 489,)

and which were also contained in previous revisions. Although the language of these provisions has been somewhat varied since the act of 1788, yet I believe its uniform construction has been to give to the personal representatives of a sole complainant the right to revive on motion, to the same extent as they would be entitled if there had been another complainant who had survived. The 115th section is broad enough to embrace the case of an abatement of the suit by the death of a sole complainant. If his rights are cast upon those representatives which the law gives or ascertains, I see no reason why they should not be substituted as complainants under the statute, instead of compelling them to resort to the more expensive proceeding by bill of revivor. Numerous orders of this description have been made by the court, for the last twenty years; and even if this construction of the statute was originally wrong, it is now too late to change it except by legislative interference.

But where, as in this case, the defendants, or some of them, have actually appeared in this cause, it is irregular to obtain an ex parte order to revive, without the consent of the parties who have appeared. If they do not join in the petition to revive, due notice of the application should be given to them, or their solicitor, in the usual manner of serving notices on parties who have caused their appearance to be entered in a cause in this court.

In *Douglas* v. *Sherman*, decided in March last,(a) the practice to be pursued in such cases was fully stated and settled. The vice chancellor should therefore have denied this application; but without prejudice to the right of the public administrator to present a new petition, brifly stating the facts which entitle him to be substituted complainant in the place of the decedent, Lydia White, and giving due notice of the application to all the other parties who have appeared in the cause. In this case, as the rights of the former complainant as the executrix of Charles White, are now cast upon Mrs. Buloid the surviving executrix and one of the present defendants in the cause, that fact also should be stated in the petition; so that the suit may be re-

(a) Ante p. 358.

vived against her in that character also, if it can be legally done in that form.

The order of the vice chancellor refusing the application of the appellant must be affirmed, but without adopting the reason stated in the order, and without prejudice to the right to present such petition; on which petition all parties may be heard before him as to the right of the appellant to an order of revival. (*Young* v. *Liven*, 4 Dow's P. C. 143.) As none of the defendants have been heard on this appeal, I do not intend to express any opinion upon the question whether this suit can be revived against Mrs. Buloid as the new executrix of Charles White, without a formal bill of revivor, under the very peculiar circumstances of this case. That question is left open for discussion before the vice chancellor, if the appellant should think proper to proceed by petition instead of resorting to the more certain remedy of a bill of revivor, or a bill of revivor and supplement.