Mr. Justice Clayton
delivered the opinion of the court.
The main question in this cause, is whether the vendor, under the circumstances, retained any lien upon the land which he conveyed, for the purchase-money. The circumstances relied on to defeat the lien, are that the land was sold to Arthur M. Upshaw, and his written agreement taken for the adjustment of the price, but the land was conveyed to Ann Hamilton Upshaw, the wife of the appellant. The agreement as to the payment was, that other lands should be conveyed by A. M. Upshaw, in the Chickasaw cession, the titles to which were not then complete; but if the titles to the lands designated should not be perfected, then the sum to be paid in money in lieu thereof should be ascertained by the award of Felix Lewis and Colbert Moore. The titles were not perfected, and the sum of three thousand dollars was awarded as the price to be paid.
The doctrine is now well settled, that a vendor of land, who takes no separate or other security for the purchase-money, retains a lien upon the land for its payment; and none but bona fide purchasers, without notice can set up an implied waiver of *292 this equitable mortgage. Stafford v. Van Renssalaer, 9 Cow. 318. To constitute a purchaser of that character, the party must have advanced a new consideration, or have relinquished some security for a preexisting debt. Dickinson v. Tillinghast, 4 Paige, 215; Gouverneur v. Titus, 6 Paige, 347; Barnett v. Dunlop, MS. Op. this court. We cannot think that Mrs. Upshaw occupies this attitude. She is a mere volunteer, no consideration appears to /have moved from her either to her husband or to Caruthers, for this conveyance. She derived her title directly from Caruthers; there was no intermediate conveyance, and she could not but know, that she had not paid for the lands. She does not come within the rule of exemption, and the lien must therefore be recognized as in full force.
The next objection is, that the valuation of the lands by Moore and Lewis does not appear to have been made after notice to the parties. The authorities are not uniform as to this rule of notice. A distinction is made between those cases in which the submission to arbitration is the voluntary act of the parties, and those in which it is under rule of court. In the former, proof of notice seems not to be necessary, all that is required is proof of the execution of the award according to the submission. Miller v. Kennedy, 3 Rand. 2. This was a case at law, and so was the case in 1 Saund. R. 327, referred to in its support. In' the latter case, although the defence was excluded at law, the party filed his bill in the exchequer and obtained relief, upo i the ground of corruption and partiality in the arbitrators. The case of Peters v. Newkirk, 6 Cowen, was a case of voluntary submission. The court paid no attention to the distinction above adverted to, but said the award without notice was a nullity. Only one case was referred to in support of the opinion, (4 Dallas, 222,) which was an award under a rule of court. By statute in Pennsylvania too, the rule is different from the common law rule in this, that an award under rule of court may be set aside for error of law or of fact, when made manifest. Kyd on Awards, 380, n. It is not necessary, now, to decide between these conflicting rules. The award set out in the bill is prima facie good. The presumption *293 is in its favor. If from partiality, corruption, or other cause, it is bad, the circumstances which establish it must be made to appear.
The last objection is, that the decree was pronounced prematurely. At the January term, 1845, a demurrer to the bill was overruled, and the defendants allowed ninety days to answer. Before the succeeding court the complainant died, but whether before the expiration of the ninety days, does not appear. At the July, term, 1845, the death of the complainant was suggested, and a bill of revivor -filed by the administrator. On the same day, this order was entered: “Tlfe defendant, having failed to answer within the time allowed at the last term, it is ordered that the bill be taken for confessed.” This was erroneous. Notice of the application to revive is necessary. 2 Paige, 477; 2 Mad. Chan. Pr. 533. The defendant must have some time to put upon the record what is necessary to show, if such be the fact, that the person reviving is not entitled to do so. When a revivor becomes necessary by the death of a defendant, who has not answered, the plaintiff must have an answer to both the original bill and the bill of revivor. 11 Ves. 312. Upon bill of revivor, according to the English course of practice, the party is entitled to eight days to answer it. Mit. Pl. 118; and he was in this instance certainly entitled to some day for the purpose.
For this error’ the decree is reversed, ■ and the cause remanded.