## SUPERIOR COURT.

### LAURA KEENE agt. JOHN LA FARGE.

If a sole defendant die pending an action after issue joined therein, and before
trial, his personal representatives have no right to an order requiring the plain-
tiff to continue the action against them, as the defendants therein. In such a
case, the plaintiff at his election may require that it be discontinued.

*Special Term, October 28th,* 1858.

THE defendant having died, leaving a last will and testa-
ment by which Louisa La Farge and John Binsse were ap-
pointed his executrix and executor, and letters testamentary
having been issued to them, they on an affidavit of these facts
and on the pleadings, now move " for an order to continue this
action in the name of Laura Keene as plaintiff therein," against
them as such executrix and executor, " as defendants therein,
and to declare said action to be in the same plight and condi-
tion as the same was at the time of the death of John La
Farge." The action was at issue on complaint and answer
when La Farge died. The complaint sets out a written and
sealed lease, executed by John La Farge to the plaintiff, of the
Metropolitan Theatre, and alleges performance of all the cove-
nants on her part, and that John La Farge during the term
granted " wrongfully and in violation of the covenants of said
lease, evicted this plaintiff from said premises and refused to
fulfil the covenants of said lease." The owner denies that she
kept the covenants on her part, and avers that she failed to
pay the rent when due, and was for that cause dispossessed by
summary proceedings pursuant to statute, which are set forth.

H. A. CRAM, *for the motion.*

E. L. HEARNE, *contra,* insists, 1st. That the cause of action
does not survive, and 2d. That the executrix and executor
cannot make such a motion, and that the plaintiff alone can

make it, and 3d. That she does not desire to have the action continued.

Bosworth, Chief Justice. In so far as this action procceds on the idea of a breach by John La Farge, of his implied covenant of quiet enjoyment by the plaintiff, (3 *Kernan*, 151,) it sounds in contract and continues. In so far as it is based on the allegation of a wrong done by John La Farge, to the rights of the plaintiff as his lessee, it continues by force of section 1 of 2 Revised Statutes, 447.

The only other question is, whether the representatives of the deceased defendant may move for and obtain an order continuing the action, or whether the option is given to the plaintiff alone to move or to omit to move, for such an order? The only authority for such a motion, is that furnished by section 121 of the Code. By that, after the lapse of a year from the death of a party, the court cannot allow the action to be continued except upon "a supplemental complaint," such a proceeding cannot be taken by a defendant.

Prior to the Code, the death of a sole plaintiff or of a sole defendant, before verdict or interlocutory judgment, abated an action at law, and it could not be continued by or against the representatives of the deceased. (2 *R. S.* 386 *to* 389.) The chancellor decided in *White* agt. *Buloid*, (2 *Paige*, 475,) that the personal representatives of a sole complainant who had died might, on their own motion, be substituted as complainants under section 115, 2 Revised Statutes, 184. The language of this section is as general as that part of section 121 of the Code, which applies to motions made within a year after the death of a party, with the exception that section 115 applies only to the case, "when a complainant shall die." But I find no provision in the Revised Statutes, broad enough to enable the representatives of a deceased sole defendant to make such a motion. Section 126, [120,] evidently applies to the case of the death of *one* of two or more defendants, and not to the death of a sole defendant.

If only the representatives of *such* a deceased party can make

a "*motion,*" *within one year* after the death, as can be allowed *after the year,* " on a supplemental complaint," to *continue* the action, then it would appear that section 121 was designed to confer on the representatives of a deceased sole plaintiff *only* the election to continue the action or to abandon it, and was not designed to enable the representatives of a sole deceased defendant to compel the plaintiff to continue the action against his will. Such a construction does not deprive the representatives of deceased sole defendant of any rights which they had prior to the Code, nor confer on the representatives of a deceased sole plaintiff any rights which those of a deceased sole "complainant in a suit in equity " did not possess, although in actions at law it enlarges the remedies of the representatives of a deceased sole plaintiff. This construction accords with the view taken of the Revised Statutes, by Chancellor WAL-WORTH, in *Souilliard* agt. *Dias,* (9 *Paige,* 893.)

Motion denied without costs; but an order may be entered that the action be discontinued, unless the plaintiff serve within ten days after written notice of the order to be entered hereon a consent that an order be entered continuing the action.