Schuschard v. Reimer.

FREDERICK SCHUSCHARD *and* FREDERICK GEBHARD *v.* THEODORE
REIMER, *impleaded, &c.*

An appeal from a judgment in defendant's favor does not abate by the defendant's death.

The sole defendant in an action having obtained a judgment in his favor, died pending an appeal therefrom, proceedings on the judgment being stayed in the mean time ;—*Held*, that the personal representatives of such defendant have a right to have themselves made parties to the appeal, and this should be done by motion to the Court in the manner provided by § 121 of the Code of Procedure.

APPEAL by the administratrix of the defendant Theodore Reimer, deceased, from an order at Special Term, denying a motion to revive and continue the action.

The defendant Reimer only was served with process, and alone appeared in the action. At the trial he obtained a judgment in his favor for the sum of one hundred and ninety-one dollars costs. The plaintiffs served a notice of appeal, and a copy of their proposed case, with a stay of proceedings pending the appeal. The defendant died the next day, and his widow obtained letters of administration upon his estate.

The plaintiffs having refused to apply to have the action continued against the defendant's representatives, the administratrix obtained an order to show cause why the action should not be revived, she being made a party thereto.

The Court having denied the motion, the administratrix appealed to the General Term.

*Van Pelt & Hull*, for appellant.
*Platt, Gerard & Buckley*, for respondents.

BY THE COURT.—DALY, F. J.—In *Keene v. Lafarge*, 1 Bosw., 671, the defendant died after issue was joined, and before judgment, and Chief Justice BOSWORTH held that in that case an application by the representatives of the deceased defendant to have the suit continued could not be entertained. He was of

opinion that section 121 of the Code was designed to confer upon the representatives of a deceased sole plaintiff only the right to continue the action or abandon it, and not to enable the representatives of a deceased sole defendant to compel the plaintiff to continue the action against his will; and he founded his opinion upon the absence of any provision of the Revised Statutes broad enough to cover such a case, and upon the construction that section 121 authorizes the representatives of a deceased party only to make such a motion within a year as may be made after a year upon a supplemental complaint. It may be that this construction was a correct one in the case which was presented to Chief Justice Bosworth, but it will not apply in the case which is now before us.

In the present case the defendant died after he had obtained judgment against the plaintiffs for costs, and after they had appealed from the judgment. If no appeal had been taken, his personal representative could have compelled the payment of the judgment by bringing an action upon it, which in that case would have been the appropriate, if not the only, remedy (*Cameron* v. *Young*, 6 How. R., 373; *Thurston* v. *King*, 1 Abbott R., 126). But if at the time of defendant's death, the ordinary undertaking upon appeal was given to stay the proceedings upon the judgment until the hearing of the appeal, his representatives could not bring such an action, the proceeding upon the judgment being stayed.

It does not appear in this case whether such an undertaking was given or not, nor is it material, since it has been settled since the time of Coke, that the proceedings for the review of a judgment upon error do not abate by the death of the defendant, or of one of the defendants, in error, but his death being suggested upon the roll, the writ of error proceeds. If he died before the assignment of error, his executor might have a *scire facias quare executionem non*, to compel the plaintiff to assign error, or if he died after, they might proceed as if the defendant were living, until the judgment was affirmed (*Jaques* v. *Cesar*, 2 Saund. R., 101; *Bromley* v. *Littleton*, Yelv. R., 113; *Wicket* v. *Creamer*, 1 Salk. R., 264; 1 Ld. Raym. R., 439; *Fowles* v. *Bridges*, 1 Show. R., 186; *Bowes* v. *Powlett*, Sir F. Moore's R., 701; *Wright* v. *Treweeke*, Barnes' Notes, 432); and such was the practice both before and after the passage of the

Schuschard v. Reimer.

Revised Statutes (2 Dunlap's Practice, 1144; Graham's Practice, 965, 2 ed.).

The parties upon an appeal from a judgment occupy the same relative position that was occupied before the Code by the parties upon a writ of error.    The defendant in this case was the defendant in the judgment, and the defendant upon the appeal holds the same position as a defendant in error under the former practice.

The Code has abolished the writ of *scire facias*, and has established in its place the more summary and less expensive proceeding for continuing an action provided for in section 121; and in other cases where the writ of *scire facias* was the only mode in which the personal representatives of a deceased party could compel the payment of a judgment obtained by him in his life time, they have given a remedy by a civil action (§ 428).

The writ of *scire facias* would lie wherever there was a new person to be benefited or charged by the execution of the judgment, to make him a party to it (*Penoyer* v. *Brace*, 1 Ld. Raym. R., 244; 1 Salk., 319; *Johnson* v. *Parmely*, 17 Johns. R., 271; 2 Tidd's Practice, 1114, 1118, 9th Lond. Ed.); and that writ being now abolished, and the personal representatives of the deceased defendant having an interest in the judgment which was recovered by him, and an interest in the appeal that was pending at the time of his death, they have the right to have themselves made parties to the appeal, that they may obtain an affirmance of the judgment, and the proper mode of doing it, by analogy to the former practice, is by a motion to the Court, in the manner provided for in section 121 of the Code.   The order denying them that right should therefore be reversed.

Order reversed.