Steinberg agt. O'Couner.

## ·N. Y. COMMON PLEAS.

### OTTO STEINBERG agt. JOHN O'CONNER.

Where the facts alleged in the complaint, and on which the equities for a preliminary *injunction* are founded, are all positively denied by the answer, and it appears to be extremely doubtful whether the plaintiff will ultimately be entitled to the relief demanded, the injunction cannot be sustained.

*General Term, March*, 1871.
*Before* ROBINSON, LOEW, and J. F. DALY, *JJ.*

APPEAL from an order of the Special Term denying a motion to vacate a preliminary injunction restraining the Justice of a District Court from issuing a warrant of dispossession in summary proceedings.

JOSEPH FETTRETCH, *for the defendant and appellant.*
H. ALLEN, *for the plaintiff and respondent.*

LOEW, J.—We think it is clear that the injunction in this case cannot stand.

The facts alleged in the complaint, and on which the equities thereof are founded, are all positively denied by the answer, and besides, it appears to us extremely doubtful whether the plaintiff will ultimately be entitled to the relief he demands.

It is well settled that in such a case a preliminary injunction will not be sustained.

The order appealed from should be reversed and the preliminary injunction dissolved.

ROBINSON and J. F. DALY, *JJ.*, concurred.

## SUPREME COURT.

*New York Special Term, October* 1871.

testimony was taken on both sides, the defendant being his own principal witness. In June the testimony was closed, and counsel commenced summing up. 'The counsel for the plaintiffs occupied five hours of one day in reviewing the testimony, and the defendant's counsel as long on another day, without concluding. At this point an adjournment was had, and before the adjourned day the defendant died, leaving a will. The will was duly admitted to probate, and the executors, John G. Bainbridge and Henry P. Bainbridge qualified as executors. They presented a petition setting up the foregoing facts, praying that this action be continued in their names as defendants. The motion was approved by the plaintiffs.

ROBERT SEWELL, *for the executors,*

Argued that, under the Code, where the cau se of action survives, the action itself does not abate, and that this motion was a mere form to substitute the proper representatives of deceased (*Code of Pro.,* § 121). The representatives of a plaintiff have no right against the wishes of defendant to discontinue (7 *How.,* 269), and *e converso* the plaintiff has not the right to discontinue against the wishes of defendant's representatives. Where a counter-claim is set up by defendant and issue is joined thereon by service of a reply, the defendant becomes an actor. He may obtain all the relief which he might obtain in a separate action. He is *quoad hoc* the plaintiff (*Seaboard and R. R. R.* agt. *Ward,* 18 *Barb.,* 595 ; *Code,* § 274 ; *Gleason* agt. *Moen,* 2 *Duer,* 643).

E. P. WHEELER, *for the plaintiff,*

Contended that, although the defendant had interposed a counter-claim for a cause of action which did not die with the defendant, yet, the defendant's representatives could not

revive the suit against the wishes of the plaintiffs.   That the Code contained no provision for the revival of an action abated by the death of the defendant, except on the motion of the plaintiff (*Keene* agt. *La Farge,* 1 *Bosw.,* 671; *Seaboard and R. R. R.* agt. *Ward,* 18 *Barb.,* 595 ; *Cooke* agt. *Beach,* 25 *How.,* 356).