# SUPREME COURT.

## CHARLES F. LIVERMORE, HENRY CLEWS, and others agt. RICHARD BAINBRIDGE.

Upon the death of a sole defendant in an action, in which such defendant has inter-posed a counterclaim, and issue has been joined thereon, the representatives of such deceased defendant have a right to continue the action, if the cause of action is one which by law survives to them.

The action in such a case is not abated *(Code,* § 121), and the court will upon motion allow it to be continued by the executors.

Where a defendant interposes a counterclaim in an action, and asks for affirmative relief, and issue is joined upon his claim, he becomes an actor in the case, and may proceed in it as if he were in fact a plaintiff *(Affirming S. C., at Special Term,* 42 *How.,* 53).

*New York General Term, November,* 1871.

THIS case is reported at *page* 53 *of vol.* 42 *of Howard's Pr. Reports,* where a statement of the facts will be found, and decision at special term. The plaintiffs appealed from the order allowing the executors to continue the case, to the general term.

E. R. ROBINSON, *for plaintiffs and appellants.*
ROBERT SEWELL, *for executors of defendant.*

*By the court,* CARDOZO, *J.*—So far as authority goes, it will be found, upon careful examination, that there are but two cases directly in point, one being the case of *Keene* agt. *La Farge* (1 *Bosw.,* 671), and the other the decision which we are called upon to review. Both decisions are made at special term, each of them by a judge of great learning and experience, and each entitled to equal and profound respect. I venture at any time with great diffidence to differ from

either of those distinguished jurists, and on the present occasion, in view of the difference in their judgments, I think, the question may well be treated as a new one.

In remarking that there is no other decision in point, I have not overlooked either the case decided by Chancellor WALWORTH (9 *Paige*, 393), nor the cases collated in *Voorhies' Code*, (*note i. to* § 121, *p.* 111), nor yet the case of *Schuschard* agt. *Reimer* (1 *Daly*, 459).

*Schuschard* agt *Reimer* was a motion after judgment had been had in favor of the defendant, and an appeal taken by the plaintiff; and it was decided on the ground that a writ of *scire facias* would lie whenever a new person was to be benefited or charged by the execution of a judgment to make him a party to it, and that the writ being abolished, a motion could not properly be made under section 121. That case has application here to the extent of showing that if the representatives of the deceased defendant can have the action continued at all, they may move under the section in question, and for that purpose I have cited it.

The other cases, except *Lorillard* agt. *Dias*, may be dismissed with the remark that they were all decided upon the ground that the cause of action did not survive, and therefore they have no applicability here.

*Lorillard* agt. *Dias* (9 *Paige*, 393) was decided upon the construction of a statute which, upon careful examination, will be found to differ from the Code. It is provided by 2 *R. S., p.* 191, *Edmond's Ed.*, § 107, as follows: "When the cause of action shall survive, no suit in Chancery shall abate by the death of one or more of the complainants or defendants." That is as much of the section as it is necessary to quote for the present purpose. It will be observed that the statute does not provide for the death of one or all, but one or more. It might very well be held, as the chancellor did, that this action did not relate to a sole defendant, or all the defendants.

But our Code (§ 121) is different. It reads, "No action

shall abate by the death, marriage or other disability of a party, if the cause of action survive or continue." Now, it is very well settled that the word "party," includes all the individuals constituting the "party" plaintiff or defendant. This is a case plainly and literally within the very words of the section. A "party," the party defendant, has died, and the statute says that shall not abate the action. It does not say that the death of "one or more of the plaintiffs or defendants," but the death of a "party" shall not affect the action. In this case, there was but one defendant. He was the "party" defendant. That "party" has died; but the Code says that the action, nevertheless, shall not abate. As the action is not abated, I think the proper construction of the section and the right rule of practice is that the representatives of either party having an interest in the suit may have an order to continue it.

In the present case, the defendant's representatives have a very clear interest. They want judgment in their favor on the counterclaim.

The fact that usually the court would permit the plaintiffs on the record to discontinue the action, notwithstanding the interposition of a counterclaim, does not militate against this view. There is no absolute right to such discontinuance. The question of allowing it is in the discretion of the court, which will exercise it according to all the circumstances of each particular case; and it is not too much to say, that when, as claimed on the argument here, the cause has been nearly completed, and a cross-action has been stayed on the application of the plaintiff, on the ground that the defendant could obtain relief on the counter-claim in this action, leave to discontinue would and should be refused. It is only a question of practice, and wholly under the control of the court.

I have cited the case of *Schuschard* agt. *Reimer*, to show that as the petitioners have the right to have the action continued, they may move, as they did, under the 121st section

of the Code.   I simply desire to add, that even if that section did not authorize the making of the motion, that would present no difficulty.   If the cause of action, as here survives, and the petitioners have the right of action continued, and there be no method for procuring the continuation of it expressly provided, then it would be merely an omission in the Code as to a point of practice, which the court, in the exercise of its general powers over such matters would supply and regulate.   In any view, I think the order below was just and right, and should be affirmed.

The plaintiff again appealed to the court of appeals, where the orders of the supreme court were affirmed, principally upon the ground, that the defendant was an actor in the case.