## LIVERMORE and others *vs.* BAINBRIDGE.

An action is not abated by the death of a sole defendant, if the cause of action survives or continues.

In such a case the proper construction of section 121 of the Code, and the right rule of practice, is that the representatives of the deceased defendant, if they have an interest in the suit, may have an order to continue it.

Such representatives have an interest, if the deceased defendant has set up a counter-claim, in his answer, upon which they want judgment in their favor.

The fact that, usually, the court would permit the plaintiff on the record to discontinue the action, in such a case, notwithstanding the interposition of a counter-claim, does not militate against this view ; there being no absolute right to such discontinuance.

That is a question of practice, which is within the discretion, and under the control, of the court.

When the representatives of a deceased sole defendant have the right to have the action continued, they may apply for an order to that effect, under the 121st section of the Code.

*It seems* that even if section 121 of the Code did not authorize the making of such a motion, that would present no difficulty. If the cause of action survives, and the petitioners have the right to have the action continued, and there be no method for procuring the continuation of it expressly provided, then it would be merely an omission in the Code, as to a point of practice ; which the court, in the exercise of its general powers over such matters, would supply and regulate. *Per* CARDOZO, J.

APPEAL from an order made at a special term, on the application of the personal representatives of a sole defendant who had died after answer, directing the action to be continued against them.

*By the Court,* CARDOZO, J. So far as authority goes, it will be found, upon careful examination, that there are but two cases directly in point, one being the case of *Keene* v. *La Farge,* (1 *Bosw.* 671,) and the other, the decision which we are called upon to review. Both decisions were made at special term ; each of them by a judge of great learning and experience ; and each entitled to equal and profound respect. I venture, at any time, with great diffidence, to differ from either of those distinguished jurists ; and on the present occasion, in view of the difference in their

judgments, I think the question may well be treated as a new one.

In remarking that there is no other decision in point, I have not overlooked either the case decided by Chancellor Walworth, (9 *Paige,* 393;) nor the cases collated in *Voorhies' Code,* (*note i, to* § 121, *p.* 111;) nor yet the case of *Schuschard* v. *Reimer,* (1 *Daly,* 459.)

*Schuschard* v. *Reimer,* was a motion after judgment had been had in favor of the defendant, and an appeal taken by the plaintiff; and it was decided on the ground that a writ of *scire facies* would lie whenever a new person was to be benefited or charged by the execution of a judgment, to make him a party to it, and that the writ being abolished, a motion could properly be made under section 121. That case has application here, to the extent of showing that if the representatives of the deceased defendant can have the action continued at all, they may move under the section in question; and for that purpose I have cited it.

The other cases (except *Souillard* v. *Dias,*) may be dismissed, with the remark that they were all decided upon the ground that the " cause of action did not survive," and therefore they have no applicability here.

*Souillard* v. *Dias,* (9 *Paige,* 393,) was decided upon the construction of a statute which, upon careful examination, will be found to differ from the Code. It is provided by 2 *R. S.* page 191, section 107, *Edm. ed.,* as follows: " When the cause of action shall survive, no suit in chancery shall abate by the death *of one or more of the complainants or defendants.*" That is as much of the section as it is necessary to quote for the present purpose. It will be observed that the statute does not provide for the death of one or *all,* but of one or *more.* It might very well be held, as the chancellor held, that this action did not relate to a sole defendant, or *all* the defendants.

But our Code (§ 121) is different. It reads: " No action shall abate by the death, marriage, or other disability

of a *party* * * * if the cause of action survive, or continue." Now it is very well settled that the word *party* includes all the individuals constituting the *party* plaintiff, or defendant. This is a case falling plainly and literally within the very words of the section.

A *party*—the party defendant—has died, and the statute says that shall not abate the action. It does not say that the death of "one, or more, of the plaintiffs, or defendants," but the death of a *party* shall not affect the action. In this case there was but one defendant. He was the *party* defendant. That *party* has died; but the Code says that the action, nevertheless, shall not abate. As the action is not abated, I think the proper construction of the section, and the right rule of practice, is that the representatives of either party, having an interest in the suit, may have an order to continue it.

In the present case, the defendant's representatives have a very clear interest. They want judgment in their favor on the counter-claim.

The fact that usually the court would permit the plaintiffs, on the record, to discontinue the action, notwithstanding the interposition of a counter-claim, does not militate against this view. There is no absolute right to such discontinuance. The question of allowing it is in the discretion of the court, which will exercise it according to all the circumstances of each particular case; and it is not too much to say that when, as claimed on the argument here, the cause has been nearly completed, and a cross action has been stayed, on the application of. the plaintiffs, upon the ground that the defendant could obtain relief on the counter-claim in this action, leave to discontinue would, and should be refused. It is only a question of practice, which is fully and wholly under the control of the court.

I have cited the case of *Schuschard* v. *Reimer* to show, that as the petitioners have the right to have the action

continued, they may move, as they did, under the 121st section of the Code.

I simply desire to add, that even if that section did not authorize the making of the motion, that would present no difficulty. If the cause of action, as here, survives, and the petitioners have the right to have the action continued, and there be no method for procuring the continuation of it expressly provided, then it would be merely an omission in the Code as to a point of practice, which the court, in the exercise of its general powers over such matters, would supply and regulate. In any view, I think the order below was just and right, and should be affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, January 1, 1872. *Geo. G. Barnard* and *Cardozo*, Justices.]