1830.

Leggett
v.
Dubois.

---

## Leggett *vs.* Dubois.

On the death of a party to a suit in chancery, if the cause of action survives to or against some other of the parties, so that a perfect decree as to every part of the subject of litigation can be made between the surviving parties, the suit does not abate as to the survivors; and on motion of either party, the court will order the suit to proceed between such survivors.

Where the cause of action against a deceased party does not survive, but some third person becoms vested with his interest or subject to his liabilities, the

1830.

Leggett.
v.
Dubois.

complainant may elect to proceed without reviving the suit against the representatives of the deceased party, provided a perfect decree can be made between the survivors without bringing such representatives before the court. In such cases, the complainant must revive the suit against the representatives of the deceased party, or elect to proceed against the surviving defendants within such time as may be deemed reasonable by the court, or the defendants may revive the suit.

To revive a suit under the provisions of the revived statutes, without a bill of revivor, the party must proceed upon petition, which is a substitute for the bill of revivor.

But an order to proceed without reviving may be obtained on an affidavit showing the death of the party, and that the cause of action has survived.

Whether a suit can be revived against absentees or infants who succeed to the rights of a deceased party without a formal bill of revivor? Quære.

If a suit abates pending an injunction, the defendant or his representatives who are restrained by such injunction may have an order that the complainant or his representatives revive within such reasonable time as may be fixed by the court for that purpose, or that the injunction be dissolved.

May 4th.

THE bill in this cause was filed to compel the specific performance of an agreement made by the Rev. J. Sellon, now deceased, with the complainant, relative to the sale or exchange of a small piece of land between Beekman and Ann streets in the city of New-York; of which land it was alleged that Sellon was the real owner, or the cestui que trust, and that H. Walton was his trustee. It was further alleged in the complainant's bill that the land in question was conveyed to the other defendants, or some of them, after notice of the complainant's rights, and while it was held adversely by him. An answer having been put in by a part of the defendants, the cause was at issue as to them. The answer of Sellon was adjudged insfficient; and he was in contempt for not answering at the time of his death in March last.

*J. Lynch*, for the surviving defendants, upon an affidavit of the death of Sellon, and that an injunction had been issued in the cause restraining them from proceeding in their suit at law moved that this cause might proceed against the surviving defendants; or for such other order as the court might think proper to grant, under the circumstances of the case.

*T. Fessenden*, on the part of the complainant, read affidavits showing that he considered it necessary to the attain-

1830.

Leggett
v.
Dubois.

ment of the objects of the suit that the representatives of Sellon should be made parties thereto. He contended that this was not a case of survivorship, and that neither party had a right to proceed in the suit without reviving the same.

THE CHANCELLOR. The cases intended to be embraced by the 107th section of the title of the revised statutes which relates particularly to this court, (2 R. S. 184,) are those where the right of the deceased party vests in some or one of the survivors; so that a perfect decree may be made as to every part of the subject of litigation, without any alteration of the proceedings, or bringing any new parties before the court. Such is the case of a suit brought by or against two or more executors, trustees or joint tenants; where, on the death of one, the whole right of action or ground of relief survives in favor of or against the other. In such cases, there is in fact no abatement as to the survivors; and upon a proper application by either party on affidavit, showing the fact of the death, and that the cause of action has survived, the court will order the suit to proceed. The 108th section provides for another class of cases, where some of the parties survive and the rights of the parties dying do not survive to them, but some other person becomes vested with the rights and interests, or is subject to the liabilities of those who are dead. In such cases, the complainants may proceed without making those persons parties, provided a decree can be made between the surviving parties without bringing such persons before the court. The decree, in that case, will not effect those in whom the rights of the deceased parties have become vested. Under a similar provision in the former statutes of this state, Chancellor Sanford decided that it was optional with the surviving complainant to revive the suit or to proceed without reviving; but that he was not bound to do either; that he might elect to abandon the suit. (1 Hopk. R. 450.) The revised statutes have provided for such cases; and the surviving defendants may now revive the suit if the complainants, or those who are entitled to revive in the first place, neglect to do so within such time as may be al-

1830.

Matter of At-
kinson.

lowed by the court for that purpose. The proceedings to obtain a revival of the suit, under these provisions of the revised statutes, must be by petition ; and an order for that purpose cannot be granted on motion founded on affidavit only. The petition is the substitute for a bill of revivor. But a formal bill may perhaps be necessary where the representatives of the deceased party cannot be found, or where they are infants. (7 John. R. 613, per Van Ness, J.) It is undoubtedly the duty of the complainant to revive, if he wishes to proceed with the suit, and to have the benefit of the previous proceedings. And where a suit abates by the death of either of the parties pending an injunction, the defendant or his representatives may have an order that the complainant or his representatives revive the suit, within a reasonable time, or that the injunction be dissolved. (1. Hen. & Munf. 203. 1 Cox's Ca. 411. 2 id. 50.)

In this case, there has not as yet been any unreasonable delay on the part of the complainant ; but he must, within sixty days, proceed to revive the suit against the legal representatives of Sellon, or consent to proceed against the surviving defendants only, or the injunction must be dissolved.