1842.

Soulliard
v.
Dias.

SOUILLARD and others, executors, &c. vs. DIAS.

Where a suit in chancery abates, by the death of all the defendants therein, before they have become entitled to an interest in the further prosecution of the suit, by a decree or a decretal order of the court, the representatives of such defendants cannot file a bill against the complainant to revive the suit.

The provision of the revised statutes authorizing the defendants in the suit, or the surviving defendant, to revive the suit, where the complainant or his representatives neglect to revive the same, does not extend to the case of an abatement of the suit by the death of all the defendants therein.

Where the personal representatives of a deceased party are only entitled to relief against the adverse party upon the conveyance to him of real estate which has descended to the heirs at law of the decedent, such heirs are necessary parties to a bill of revivor filed by such personal representatives.

THIS case came before the court upon a general demurrer to a bill of revivor. The bill was filed by the respective executors of James Caze and of John Richaud, deceased, to revive a suit originally commenced against Caze and Richaud, by Dias the present defendant. The object of the original bill was to redeem a lot of land in Pearl-street, in New-York, which had been conveyed by Dias to Caze and Richaud, by a deed absolute on its face, but which deed, as the bill alleged, was merely received by them as security for the payment of a debt of $15,000. And the bill prayed a reconveyance of the premises, upon payment of the amount for which the same were conveyed as security. Caze and Richaud put in their answers denying that the premises were conveyed to them as security merely, or upon any condition, qualification or trust for the benefit of Dias. But inasmuch as Richaud had acknowledged that the premises were held by himself and Caze in trust for Dias, and had promised to reconvey the same, they offered, in their respective answers, to reconvey the same to him upon his paying the $15,000. The bill of revivor then proceeded to state that the original suit had abated by the death of both the defendants therein, and that the complainants respectively had been appointed executors of their

January 24.

wills, and had taken out letters testamentary thereon. They therefore prayed a revival of the suit, in the usual form.

*Hamilton Wilkes,* for the complainants.

*John L. Mason,* for the defendant.

THE CHANCELLOR. The objection is well taken that the bill does not show any right in these defendants to revive the suit. It is not necessary here to discuss the question as to what may be the effect of the offers made in the answers of the defendants, in the original suit, to permit the complainant to redeem. The bill does not show that the legal title in the premises was devised to these complainants. If this was a case, therefore, in which the personal representatives of the deceased defendants had a right to revive, for the purpose of receiving back from Dias the $15,000 and interest, the objection is properly taken, *ore tenus,* that the heirs, or devisees, of Caze and Richaud, in whom such legal title is now vested, should have been made parties to the bill of revivor, either as complainants or defendants. No decree for a reconveyance can be made in a suit to which the holders of the legal title are not parties. And without such reconveyance the personal representatives of Caze and Richaud will in no event be entitled to a decree for the repayment of the $15,000 and interest; even if the offer in the original answers could have the effect of converting the real estate into personalty, so as to give the executors an interest in this controversy.

The counsel for the defendant is clearly right, also, in supposing that this is a case in which neither the personal representatives of the defendants, nor the heirs or devisees, have a right to revive. The general rule is strict, that before a decree or a decretal order by which a defendant becomes entitled to an interest in the further continuance of the suit, neither he nor his representatives can sustain a bill of revivor. And it was formerly held that he could not do so even after decree, except in the single case of a decree

to account.   (*Anon.* 3 *Atk.* 692.)   It is now established, however, that after a decree the suit may be revived at the instance of a defendant, or of his representatives, if the complainants, or those who represent them, neglect to revive it.   (*Williams* v. *Cooke,* 10 *Ves.* 407.   *Howard* v. *Schwedes,* 12 *Idem,* 316.   *Gordon* v. *Bertram,* 1 *Mer. Rep.* 154. *Finch* v. *Lord Winchelsea,* 1 *Eq. Ca. Abr.* 2.)   The revised statutes have given some rights to the defendants, and to the survivor of several defendants, in the revival of suits, which they did not before possess.   (*See* 2 *R. S.* 185, § 118 *to* 131.)   But none of those provisions appear to extend to the case of an abatement by the death of a sole defendant, or of all the defendants in the suit, before he or they have obtained an interest in the further prosecution of such suit, by a decree, or by a decretal order under which some right has been acquired.

This demurrer is, therefore, allowed ; and the complainants' bill must be dismissed with costs.