**1844.**

MCDERMOTT
*v.*
MCGOWN.

---

McDERMOTT, by her next friend *v.* McGOWN, Administratrix, &c. *et al.*

A defendant, interested in three distinct suits, cannot, on abatement, revive all three by one bill of revivor and supplement.

A defendant cannot revive by bill before decree or decretal order giving a vested interest.

*October* 30, 1844.

*Pleading.*
*Bill of Re-*
*vivor.*
*Practice.*
*Revivor.*

DEMURRER to bill, on the ground of multifariousness and for want of equity—taken by the defendant Maria McGown, administratrix of the estate and effects of Felix O'Neil, deceased.

It was a bill of revivor and supplement; and set forth the history of three distinct suits in this court—in all of which the present complainant was a defendant. One of

the suits was for foreclosure; and a fund arising from a sale under it had been transferred to another of the suits. Replications had been filed in the latter suits and deaths had occurred, but there had not been decrees. *Prayer* of the present bill: " That all the suits and proceeds before mentioned may stand and be revived and be in the same plight and condition as the same were in at the time of the abatement thereof in manner aforesaid. And that all necessary and proper accounts may be taken to ascertain the rights and interests of your oratrix and orators in the several matters aforesaid; and that what may, upon such accounting, be found due to your oratrix may be paid to or invested for her. And that your oratrix may be paid her costs and charges as well of the suits abated as aforesaid as of this suit; and that she may have such further or other relief, &c."

Mr. *John L. Mason*, in support of the demurrer.

Mr. *W. Silliman*, contra.

THE VICE-CHANCELLOR:—I am of opinion that the objection of multifariousness to the bill of revivor is well taken and the demurrer, on that account, would have to be allowed. The consequence of which, however, might be obviated by an amendment on payment of costs, instead of putting the bill entirely out of court.

But the other objection, of a want of right or title in the complainant to file such a bill, appears to be a fatal objection to it, so as to require its dismissal. The chancellor holds the rule to be a strict one that before a decree or decretal order is made by which a defendant becomes entitled to an interest in the further continuance of the suit, neither he nor his representatives can sustain a bill of revivor: *Souillard* v. *Dias*, 9 Paige's C. R. 394. Neither of the suits sought to be revived had proceeded so far as to give this child any fixed or definite right of that sort. It comes, therefore, within that rule. If, in either of the suits, she, as a defendant, is in a position, under any of the provisions of the statute authorizing a revival at the instance of a de-

1844.

MCDERMOTT
*v.*
MCGOWN.

October 6,
1845.

fendant, let her apply to the court by petition in the particular suit or suits; but the chancellor appears to think that the provisions of the statute do not extend to the case of an abatement by death before an interest has been acquired by a decree or decretal order: *Ib.* 395.

The demurrer must be allowed; and the bill be dismissed, with costs.