By the Court.—Curtis, J.
The only question presented by this appeal is, whether upon the death of a sole defendant after issue joined and before a trial, his administratrix has the right to have the action continued against herself.
The Code, section 121, as interpreted by the courts, does not sustain the claim of the appellant, that by it such a right is conferred (Keene v. La Farge, 1 Bosw. 671 ; Kissam v. Hamilton, 20 How. Pr. 377). The practice, as it was before the adoption of the Code, and as governed by the Revised Statutes, remains in force in this respect. It would be often unjust in a case where the defendant interposed a counter-claim, or acquired rights or benefits in. the litigation before his decease, that his representatives should be debarred from having the action continued against them upon their motion. In these contingencies when existing rights should be protected, the law is construed to give the right to the representatives of the deceased defendant to have the action continued against them, and to apply for this relief by motion upon papers showing a proper case (Livermore v. Bainbridge, 49 *320 N. Y. 125 ; McDermott v. McGowan, 4 Edw. 592; Souillard v. Dias, 9 Paige, 393).
The difficulty in the present case is, that the appellant fails to show that the defendant had acquired any rights in the litigation, or that any prejudice would result to the estate by not continuing the action. The appellant’s affidavit upon which the motion was made, sets forth nothing of that nature. The admission of her counsel stated in the order appealed from, that “ October 7, 1873, upon notice to the defendant, and without opposition from him, an order was made in this action, continuing in force until the further order of this court, the injunction order theretofore made in the action, and that the defendant never made any motion to vacate or modify the said injunction,” would seem to indicate there was no serious grievance or detriment in consequence which the appellant could establish by affidavit.
It does not appear that the appellant would derive any benefit from having the motion granted. See McDonald v. James (38 Superior Ct. Rep. 76), and no case is shown calling for the exercise of any discretionary power on the part of the court to grant it.
The order appealed from should be affirmed with costs.
Monell, Ch. J., concurred.