FRANCIS J. HEDENBERG *vs.* MARY B. HEDENBERG, EXECUTRIX.

A foreign executor who, after proof of the will at the place of the testator's domicil in another state, comes into this state to reside, and brings with him property belonging to the estate, can not be made liable here, upon the suit of a creditor of the testator, to the extent of the property brought here.

The remedy of the creditor is in the forum of the original administration.

There is a distinction as to the rights of creditors here, between the case of property thus brought into the state, and that of property already here, which the foreign executor comes here to secure.

ASSUMPSIT for money had and received; brought to the Court of Common Pleas of Fairfield County, and tried to the court on the general issue before *Hall, J.* The court found the following facts:—

David T. Hedenberg died at Westport, in this state, in July, 1865. He was at that time indebted to the plaintiff for money lent in the sum of $150, the money having been

lent him in the state of New York, in July, 1864. At the time of his death he resided, as he had for some years previous, in the state of New York. He was the owner of property in that state, but had no estate whatsoever in Connecticut.

The plaintiff had always, prior to the commencement of this suit, been a resident of the state of New York, but came into this state, in November, 1876, for a temporary purpose, and has ever since remained here. His family still reside in the state of New York.

By the will of Hedenberg, the defendant, his mother, was appointed his sole executrix, and was sole legatee of his estate. She then resided in the state of New York. She accepted the trust and proved the will, but it did not appear that she had done any thing further in the settlement of the estate. She immediately after took possession in the state of New York of all the estate of the deceased, and retained possession thereof in that state till the year 1867, when she came to Connecticut, bringing with her household furniture and other personal property belonging to the estate, which she has ever since held and still holds in her possession in the town of Westport.

The plaintiff, immediately before the bringing of this suit, having then first learned that the defendant was executrix of Hedenberg, and that the property mentioned was in her possession in this state, presented to her, at Westport, his claim for payment. Payment was refused by her, and suit was thereupon brought within the time limited by law.

On the trial of the cause the counsel for the defendant claimed that the suit was not maintainable because the defendant was a foreign executrix.

The court having found as a fact that the personal property mentioned was a part of the estate of Hedenberg, overruled this claim of the defendant, and rendered judgment for the plaintiff for $269 and costs of suit. The defendant moved for a new trial.

*F. W. Perry* and *G. Stoddard*, in support of the motion.

It is a general rule that a foreign executor can be sued only in his own forum. Wharton's Conflict of Laws, § 617; Story's Conflict of Laws, §§ 513, 514; *Morrill* v. *Morrill*, 1 Allen, 132; *Fay* v. *Haven*, 3 Met., 109; *Holcomb* v. *Phelps*, 16 Conn., 138. A foreign executor, who, without authority, comes into this state and collects debts or seizes property of the deceased, is liable to resident creditors, to the extent of assets so received. Story's Conflict of Laws, § 514; Wharton's Conflict of Laws, § 617; *Marcy* v. *Marcy*, 32 Conn., 308. It is conceded that the deceased at the time of his death was an inhabitant of the state of New York, and that his will was duly proved in the proper surrogate's court in that state, and administration granted. The decree of that court as to its jurisdiction over the settlement of the estate is conclusive. *Holcomb* v. *Phelps*, 16 Conn., 133. It is also conceded, and the facts show, that the deceased at the time of his death was possessed of no estate, real or personal, in the state of Connecticut; that the defendant took possession of all his personal estate in New York, as executrix under the will; and that the property in question was at that time in that state and came into her possession there, and has since been brought by her to this state. It therefore became vested in her and she can enforce her title by suit in this state. 1 Redfield on Wills, 24, §§ 6, 7; *Marcy* v. *Marcy*, supra. The property was not subject to the rights of creditors in this state, nor to administration here. 1 Redfield on Wills, 26, §§ 8, 9, 10; *Marcy* v. *Marcy*, supra. Nor is the defendant liable in this state either personally or in her representative capacity. Wharton's Conflict of Laws, § 618; Story's Conflict of Laws, § 514 *b*. The ancient law was otherwise. *Dowdale's Case*, 6 Coke, 47. This case has been followed in Pennsylvania, in *Swearingen's Exr.* v. *Pendleton*, 4 Serg. & R., 389, 392, and *Evans* v. *Tatem*, 9 id., 252, 259; and in New York, in *Campbell* v. *Tousey*, 7 Cowen, 64. But these cases have been overruled by modern English and American decisions. Story's Conflict of Laws, § 514 *b; Holcomb* v. *Phelps*, 16 Conn., 138; *Fay* v. *Haven*, 3 Met., 109; *Selectmen of Boston* v. *Boylston*, 2 Mass., 384; *Goodwin* v. *Jones*, 3 id.,

514; *Davis* v. *Estey*, 8 Pick., 475; *Doolittle* v. *Lewis*, 7 Johns. Ch., 45, 47. For these goods the defendant can be called to account only in the forum of her administration.

*C. Thompson*, contra.

The question raised as to whether the suit is maintainable because the defendant is a foreign executrix, is if anything "matter in avoidance," or for abatement, and should have been pleaded as such; and not having so pleaded it, the defendant has waived it. Gen. Statutes, 424, sec. 10. But if not so, then we say that the reasons given why the suit is not maintainable are insufficient. Was the defendant a foreign executrix? She was appointed by the will, she proved the will, but went no farther in the settlement of the estate. She was executrix of Hedenberg; this she admits and claims. 1 Chitty Pl., 489, 490, *note* 2; *Hartz* v. *Sealy*, 6 Binn., 415. She took the property by the will charged with the payment of the debts. *Fairman's Appeal from Probate*, 30 Conn., 209; *Lord* v. *Lord*, 22 id., 602. She brought the property from the state of New York in 1867 into this state, and has ever since held it, neglecting to pay this debt there and refusing to pay it here. Movable property has no *situs* and it could not be brought here and administered under our law. An executrix cannot defeat creditors by moving thus from one state into another. 2 Williams on Exrs., 1745; *Tunstall* v. *Pollard*, 11 Leigh, 1; *Marcy* v. *Marcy*, 32 Conn., 308; *Nicole* v. *Mumford*, Kirby, 270. The fact that the assets were brought here after the testator's death, taken with the fact that she did not administer the estate in the place of his domicil, but moved out of its jurisdiction, so far from being a fact against us, seems to us a strong reason why the suit should be sustained.

LOOMIS, J. The important legal question in this case is, whether a foreign executrix, who, after the testator's death and proof of his will at the place of his domicil in another state, comes into this state to reside, and brings with her a portion of the property belonging to the deceased, can be

sued here in an action at law at the instance of a creditor and made liable to the extent of the property so removed?

The principles adopted by Chief Justice WILLIAMS in giving the opinion in *Holcomb* v. *Phelps*, 16 Conn., 127, as well as the preponderance of legal authorities elsewhere, will compel us to answer this question in the negative. We cite from the opinion on page 137. "The case of *Campbell* v. *Tousey, Executor of Booth*, 7 Cowen, 64, was also relied on by the plaintiff. There the plaintiff, having a debt against Booth's estate, sued Tousey as executor *de son tort*, and proved that he had assets in his hands in New York brought from Pennsylvania. The defendant proved that he was duly appointed executor of Booth, and found the will in that state, where the deceased lived. He also had received debts due to Booth in the state of New York, and he was held liable for all the assets brought into the state of New York which had not been applied in a due course of administration. The doctrine of this case, and similar decisions in Pennsylvania, is attacked by Judge Story, who says ' there is very great difficulty in supporting these decisions, to the extent of making the foreign executor or administrator liable here, for assets received by him abroad in his representative character, and brought here by him. It will be found exceedingly difficult to cite any authority, at common law, in support of such a doctrine.' Story's Conflict of Laws, § 514. On the other hand, says this learned commentator, there are other American authorities which indicate a very different doctrine. The modern English authorities are to the same effect. They fully establish the doctrine that if a foreign executor or administrator brings or transmits property here, which he has received under the administration abroad, or if he is personally present, he is not either personally, or in his representative capacity, liable to a suit here; nor is such property liable here to creditors, but they must resort for satisfaction to the forum of the original administration."

Though the facts in the above case are not identical with those of the case we are considering, yet they are sufficiently alike to render the principles above mentioned applicable. In

both cases the domicil of the testator and his property were in New York at the date of his death, and both the creditors and debtors of the estate then resided there, and the property was subsequently removed to this state. In the case cited the estate had been fully administered according to the laws of the state of New York, which furnished an independent ground of defence not applicable in the case at bar, but in the opinion the decision was placed, not upon this ground alone, but in part upon the general principles referred to.

The counsel for the plaintiff in the argument conceded that the general proposition of law as laid down by Judge Story in his Conflict of Laws, cited in the above opinion, would prevent a recovery in this action, but he relied upon *Marcy* v. *Marcy*, 32 Conn., 308, as establishing for this state another doctrine. Judge BUTLER, in his able opinion in that case, did revise the definition of an executor *de son tort*, and vigorously controverted the proposition that an executor appointed and qualified in another state could be such a stranger to the assets of his testator situated in this state as to become a wrongful intermeddler when he removed or collected them here without first taking out administration here, and he held that a foreign executor who comes into this state to collect debts or secure the property of his testator is liable to a creditor in this state to the extent of the assets so received. But we fail to discover any evidence of an intention to deny the doctrine of Judge Story as cited by Judge WILLIAMS, or to approve the doctrine of *Campbell* v. *Tousey.* Indeed, as to the last case he says, on page 315, "it has been questioned on both the points involved in it, and is not now an authority in the state of New York, for the principles adopted in later cases are irreconcilable with it."

It is to be observed that one of the points in *Campbell* v. *Tousey* involved the identical doctrine on which the plaintiff relies for a recovery in this case. But it is further claimed in behalf of the plaintiff, that if we make an executor, appointed in another state, liable on account of assets collected here, we must logically advance the law so as to make him liable for all assets removed into this state. It seems to

us there is a clear and reasonable ground for distinction
between the two cases.   In the present case the jurisdiction
of the New York court had actually attached to all the prop-
erty in question and was necessarily exclusive, and the execu-
trix had become accountable for it in the foreign forum, while
in the other case, though the executor in Massachusetts had
such a title that his act of receiving the debts due here was
not wrongful, yet the jurisdiction of the Massachusetts court
had never actually and exclusively attached to the uncollected
debts due here.   It was still necessary in some way to invoke
the aid of our own laws to recover the assets.   Until actually
recovered and fully administered under the law of the forum,
a creditor here would have been entitled to ancillary admin-
istration, or, as a substitute for that, he could bring a suit
here against the executor and appropriate the property toward
the payment of his debt.

In *Upton* v. *Hubbard*, 28 Conn., 285, Judge ELLSWORTH
says:—"An executor gets such a title to chattels which are
within the state of the decedent's domicil, that they can, in
case of being stolen or lost, be reclaimed by the executor as
his own property and in his own name.   The domicil of a
person in life, wherever he is, by a legal fiction draws the
property to himself, so that he is said to be possessed of it
there; but this is not true when the owner dies, having no
longer any place of domicil.   A statute representative does
not universally succeed by legal operation to his title and
possession, but as such he takes the property only which is
within the state.   If he is the principal representative, such
as the principal executor or administrator, or is a legal
assignee, and wishes to obtain the property which is abroad,
he must go there, and by an ancillary administration or
appointment get authority, or employ some one else to do so
in his own name, and remit what he receives to the principal
executor, &c.   If indeed the principal executor or assignee
go there himself, and, without acquiring local authority, col-
lects a debt or receives property belonging to the estate, it is
well enough, we suppose, if the creditors or legatees there do
not interpose and object; for in such a case the same end is

accomplished which could be reached through an ancillary administration, and the law does not require any unnecessary formality and expense, but looks at the substance of the thing."

The above extract, while it contains a very clear statement of the law as it is accepted in this state, furnishes by suggestion a good ground for distinguishing as to the liability of a foreign executor, between a case where the assets are brought into this state after the death of the testator and proof of his will in another state, and a case where it is necessary to come into this state to secure them.

But the counsel for the plaintiff further suggests, that to deny a remedy in such a case as this will open a wide door for fraud and injustice, by enabling foreign executors who have not fully administered their estates to take the property and remove into another state in fraud or in defiance of the rights of creditors.   While we confess that we do not like this aspect of the defendant's case, yet it is a pertinent suggestion in reply, to say that it is to be presumed that such laws are in force in New York as furnish a reasonable security to the parties in interest, and that the plaintiff by the use of due diligence and through the aid of legal process might in some form have had a remedy.   And here we remark that the finding shows that after the will was proved both the plaintiff and defendant continued to reside for about two years in the place of the testator's domicil before the defendant removed any of the assets into this state; and the plaintiff continued to reside there some nine years longer before he came to this state to invoke the aid of our courts, having never, so far as appears, sought the aid of his own courts. It is possible, however, that this may be explained without imputing laches to the plaintiff.

Another objection of a technical character deserves a brief notice.   The plaintiff claims that the defendant cannot be allowed the benefit of the fact that she was a foreign executrix, because such a defence is matter of avoidance or in abatement, and should have been pleaded as such, instead of relying upon the general issue.   But this objection is made

for the first time in this court. In the court below the plaintiff made no such claim, and made no objection to the evidence offered to sustain this defence,. but on the contrary allowed the trial to proceed to final judgment upon the sole question whether, upon all the facts proved, the defendant was liable. We think therefore that the decision of the court below on this last mentioned question is the only one we are called upon to review, and upon this we advise a new trial.

In this opinion the other judges concurred.