JAMES E. LYON, Appellant, v. TRENOR W. PARK et al., Respondents.

The remedy against a foreign administrator, in his representative character, to charge the assets of his intestate for a debt or liability of the decedent, is governed by the law of the jurisdiction, and must be pursued in the legal tribunals of the state or country where the decedent resided at the time of his death and where administration was granted.

Although under the Code of Civil Procedure (§ 755), an action in no case abates by the death of a party where the cause of action survives, as an application to the court is necessary to authorize its revival or continuance, the court may, on the ground of inexcusable *laches*, and, where otherwise irreparable injury will be suffered by the opposite party, deny the application; the right to a continuance of the action is not of so absolute a nature as to preclude the court, in the exercise of a legal discretion, from denying it.

*It seems* that where a cause of action survives, the plaintiff upon the death of a defendant may be entitled to a continuance under said provision, although the circumstances do not bring the case within any of the pro-

visions subsequent to the one above referred to (§§ 757, 758, 759), unless *laches* is a sufficient answer to his motion.

This action was commenced in 1877 to recover damages for alleged fraud and conspiracy. In 1878, on application of defendants and on the ground that plaintiff was a non-resident, an order was made requiring him to file security for costs within sixty days after service of order, and until this was done, staying all proceedings on his part, except to move to vacate the order. The order was duly served but plaintiff did not comply therewith. Defendant P. died in 1882 and defendant B. in 1884. In June, 1886, the plaintiff moved to revive and continue the action against the personal representatives of said defendants and to be relieved from his default and failure to file a bond. It was shown in opposition that said defendants were material witnesses for the defense, and that numerous other important witnesses had died since the stay of proceedings, by reason of which the defense would be greatly prejudiced. *Held,* that the motion was properly denied for *laches.*

B. was at his death a resident of the state of Vermont. Letters of administration on his estate were issued in that state, but no letters ancillary or original have been issued in this state. *Held,* that, conceding the provision of said Code (§ 757), requiring the court on motion to allow or compel an action to be continued in case of the death of a sole plaintiff or sole defendant, precluded the court from denying such a motion (as to which, *quære*), it had no application here, as defendant P. was not sole defendant, and B., who upon the death of P. became sole defendant, was alone within that provision, and over his administrator the court had no jurisdiction.

(Submitted October 16, 1888; decided November 27, 1888.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made December 12, 1887, which affirmed an order of Special Term denying a motion on the part of plaintiff, the nature of which, as well as the material facts, are stated in the opinion. (Reported below, 23 J. & S. 539.)

*Ewing & Southard,* O. W. *Campbell* and V. *Wright Kingsley* for appellant. This action is continued by force and effect of section 755 of the Code of Civil Procedure, which says: " An° action does not abate by any event if the cause of action survives or continues." (R. S., part 3, chap. 8, title 3, art. 1, §§ 1 and 2; 3 R. S. [Banks' Bros. 7th ed.] 2394; *Bond* v. *Smith,* 4 Hun, 48; 35 N. Y. Supr. Ct. 196; 19 N. Y. 464; 27 id. 633; 75 id. 192; *Randall* v. *Sackett,* 77 id. 480; *Jarvis* v.

*Felds*, 14 Abb. 46; *Risley* v. *Brown*, 67 N. Y. 160; *Hauck* v. *Crayhead*, Id. 432; *Heinmiller* v. *Gray*, 35 Supr. Ct. 196; *People* v. *Starkweather*, 40 id. 453.) If section 755 is insufficient, authority to the court to proceed with this action is found in sections 757 or 762, and under 2 Revised Statutes 386, 477, sections 1 and 2. (*Holmes* v. *Cooley*, 31 N. Y. 289; *Chase* v. *N. Y. C. R. R. Co.*, 26 id. 523.) The claim of defendants' counsel that section 757 only gives relief where there is a sole plaintiff or sole defendant, is untenable. (*Coit* v. *Campbell*, 82 N. Y. 516; *Greene* v. *Martine*, 84 id. 648; *Holsman* v. *St. John*, 90 id. 465.) A mere nominal party not served, and over whom the court has not judicial control, is not a party to an action, and hence section 758 of the Code is inapplicable to this case. (*East River Bk.* v. *Cutting*, 1 Bosw. 636; *Wood* v. *Fingernail*, 1 Robt. [Sup. Ct. Rep.] 487.) The power of the court to proceed with this action is expressly given in Revised Statutes, part 3, chapter 8, title 3, section 1 (Banks' 7th ed.) 2394. (*People* v. *Starkweather*, 40 N. Y. Supr. Ct. 460.) The court has no discretion to refuse the order to bring in the representatives of deceased defendants. (*Coit* v *Campbell*, 82 N. Y. 509; *Greene* v. *Martine*, 84 id. 648; *Holsman* v. *St. John*, 90 id. 461; *Evans* v. *Cleveland*, 72 id. 486.) Under the law this action continues to be maintainable against the successors of Park & Baxter by section 757 of the Code. (19 N. Y. 471; 25 How. Pr. 286.) If an action at law is commenced before the statute of limitations runs, there can be no laches interposed thereafter as a defense, and that is this case. (*Evans* v. *Campbell*, 72 N. Y. 436; *Coit* v. *Campbell* 82 id. 510; *Holsman* v. *St. John*, 90 id. 136; *Greene* v. *Martine*, 21 Hun, 136.) The mere default of plaintiff in giving the bond for costs under the former ·order of the court does not take away the imperative character of the motion, or otherwise prejudicially affect this application for continuance..

*Joseph H. Choate* and *Frederic B. Jennings* for respondents. The order was one resting in discretion and cannot be reviewed here unless the court shall hold that the court below was bound

to grant the motion, and had no discretion whatever in the matter. (Civil Code, § 190, subd. 2; *Getty* v. *Spaulding*, 58 N. Y. 636; *Cushman* v. *Brundett*, 50 id. 296; *Medbury* v. *Swan*, 46 id. 203; *Thorington* v. *Merick*, 101 id. 9; *Coit* v. *Campbell*, 82 id. 517.) The very fact that the Code requires an application to the court for leave to revive and continue the action, and does not permit it to be done, as a matter of course, by simply filing a supplemental complaint or entering a formal order without notice, further sustains the view that discretion, as to granting the order, is reposed in the judge. (*Medbury* v. *Swan*, 46 N. Y. 202.) The court below could, in its discretion, deny the motion. (*Beach* v. *Reynolds*, 53 N. Y. 3; *Evans* v. *Cleveland*, 72 id. 488; *Getty* v. *Spaulding*, 58 id. 636.) The plaintiff having wholly failed to comply with the positive order of the court to file security within sixty days, no longer has any standing in court, and, if the cause was revived, the defendants would be entitled to judgment dismissing the complaint. (Code of Civ. Pro. § 3277; *Hinds* v. *Woodbury*, 29 How. Pr. 381; *Lewis* v. *Lewis*, 13 Abb. N. C. 182, note.) If the action should be revived, the complaint would be dismissed for the plaintiff's unreasonable neglect to proceed in the action. (Code, § 822; *Ellsworth* v. *Brown*, 16 Hun, 1; *James* v. *Shea*, 28 id. 76.) The representatives of Park and Baxter could not have revived the suit even for the purpose of moving for judgment under section 3277 or of obtaining a dismissal of the complaint under section 822, to which they were entitled, as before shown. Nor could it be revived by the plaintiff. (*Beach* v. *Reynolds*, 53 N. Y. 8; *Livermore* v. *Bainbridge*, 49 id. 127; *Coit* v. *Campbell*, 82 id. 516.) If Baxter can be treated as a sole defendant after the death of Park, the case cannot be revived against his representatives for the reason that their appointment is shown by the moving papers to have been made in Vermont. That appointment has no extra territorial efficacy: (Schouler on Exrs. § 173 and note 5; Story on Conflict of Laws, § 513, note 3, 657.)

ANDREWS J. The plaintiff, in August, 1886, made this motion to revive and continue the action against the representatives of the estate of the original defendants Park and Baxter, both of whom have died since its commencement, and also to be released from his default and failure to file a bond as security for costs, as required by order of the court made June 11, 1878, and that he be permitted to comply with that order. The motion was denied by the Special Term as to the representatives of Park, for *laches*, and dismissed as to the representatives of Baxter on the ground that no adminstration had ever been granted on his estate in this state. The General Term affirmed the order of the Special Term and the plaintiff appeals to this court. The action was commenced by the service of a summons on Park and Baxter in June, 1877. One Stewart was named therein as a co-defendant, but was never served with process and has not appeared in the action. The complaint sets out a cause of action for fraud and conspiracy, by means of which, as is alleged, the defendants induced the plaintiff, in 1871, to transfer to the defendant Park, for the benefit of himself and his co-defendants, a valuable contract entered into between the plaintiff and the " Emma Silver Mining Company," by which, in a certain contingency, the plaintiff was to have a large interest in the proceeds of the sale of the stock of the company. The order of June 11, 1878, was made on the application of Park and Baxter, on the ground that the plaintiff was a non-resident of this state, and the order required him to file a bond in the penalty of $2,000, with sureties, within sixty days after service of a copy of the order, as security for costs, to the defendants, Park and Baxter, and meanwhile stayed all proceedings on his part in the action, except to move to vacate the order, until the bond should be given and the sureties, if excepted to, should justify. The order was duly served on the same day, and was the last proceeding in the action until the making of this motion June 22, 1886. The plaintiff has never complied with the order. Park died December 13, 1882, and Baxter, February 17, 1884. Ancillary letters of administration on the estate of Park were

granted in this state January 12, 1883. Baxter, at his death, was a resident of Vermont, and administration on his estate was granted in that state February 22, 1884, but no letters, ancillary or original, have been issued in this state. It was shown in opposition to the motion that the defendants, Park and Baxter, were material witnesses, and that numerous other important witnesses for the defense have died since the commencement of the action and during the stay of proceedings, by reason of which a defense of the action at this time is greatly prejudiced.

There can be no doubt that the motion was properly dismissed as to the representatives of the defendant Baxter. The remedy against a foreign administrator, in his representative character, to charge the assets of his intestate for a debt or liability of the decedent, is governed by the law of the jurisdiction where he was appointed, and must be pursued in the legal tribunals of the state or county where the decedent resided at the time of his death, and where administration was granted. (Story's Con. of Laws, § 513; Schouler on Exrs. § 173; *Petersen* v. *Chemical Bank,* 32 N. Y. 21; *Hedenberg* v. *Hedenberg,* 46 Conn. 30.) Whatever qualifications to this rule may exist, they proceed upon special reasons, and are not material to the present controversy. The question is, therefore, narrowed to the alleged right of the plaintiff to a revivor or continuance against the representatives of Park.

It is conceded that the cause of action survived the death of Park and Baxter. The authorities on this point are conclusive. (*Haight* v. *Hayt,* 19 N. Y. 464; *Union Bank* v. *Mott,* 27 id. 633; *Brackett* v. *Griswold,* 103 id. 428.) The action, therefore, did not abate on their death. (Code, § 755.) But their death rendered it necessary that the plaintiff should apply to the court for an order to continue the action against their representatives if he desired to proceed. If but one of the defendants had died, their liability being both joint and several, the plaintiff could have proceeded against the survivor without bringing in the representatives of the deceased co-defendant. It is claimed on behalf of the

plaintiff, that by force of section 755 of the Code, he has an absolute right to an order continuing the action against the representatives of Park, and that no delay on his part in making the application is a defense to the motion. It is further claimed that the case is within section 757, which in terms is mandatory and requires the court on motion to allow or compel an action to be continued in case of the death of a sole plaintiff or sole defendant. This section was considered in *Coit* v. *Campbell* (82 N. Y. 517), and although the case was decided on another ground, the learned judge who wrote in that case was of opinion that the mandatory language of the section related to the mode of relief, and that it did not preclude the court in an equity case from denying an application made under that section, upon grounds which, according to the rules of courts of equity, would have constituted a good defense to a bill of revivor. But whatever may be the true construction of that section, it has no application here. The defendant Park was not a sole defendant. He died before Baxter, and Baxter then became sole defendant, and his representatives were alone within the provisions of section 757. (*Coit* v. *Campbell*.) Nor do the subsequent sections have any application. The first clause of section 758 expresses what probably, without any affirmative enactment, would be the rule, and the second clause relates to actions on contracts exclusively. Section 759 seems to relate to equitable actions, and was designed to put into statutory form the rule declared by the chancellor in *Leggett* v. *Dubois*, (2 Paige, 211); *White* v. *Buloid* (Id. 475; and *Hoffman* v. *Tredwell* (6 id. 308). But we do not think that the right of a party to the continuance of an action, by or against the representatives of a deceased party, where the cause of action survives, depends upon the existence of the precise circumstances stated in section 757 or the following sections. The paramount rule is declared in section 755, that an action does not abate, by any event, if the cause of action survives or continues. The subsequent sections seem to have been enacted to provide for special cases and not to limit to those cases only the power of the court to continue an

action. It had been held that on the death of a sole defendant, before any interest had accrued to him, the action could only be continued at the option of the plaintiff. (*Keene* v. *La Farge*, 1 Bosw. 671 ; *Souillard* v. *Dias*, 9 Paige, 393.) Section 757 prescribes a uniform rule on the subject applicable to both parties. Section 758 is supposed to have made a radical change in the rule theretofore adopted in respect to the survivability of a cause of action on a joint contract, in case of the death of one of the joint contractors, who was a surety. (*Randall* v. *Sackett*, 77 N. Y. 480.) The purpose of section 759 has been adverted to. In our opinion the plaintiff was entitled to a continuance, although the circumstances do not bring the case within any of the sections following section 755, unless his *laches* is a sufficient answer to his motion.

It was decided in *Evans* v. *Cleveland* (72 N. Y. 486), that the statute of limitations was not a defense to a legal action which the court had permitted to be revived on a supplemental complaint, after the death of the original plaintiff, unless the cause of action was barred when the action was commenced, however long the delay between the death of the plaintiff and the application for a continuance. In equitable actions, according to the opinion of the learned judge who wrote in *Coit* v. *Campbell*, the rule which prevailed on bills of revivor, which denied relief when the bill was not filed until a period had elapsed after the appointment of an administrator or representative of the decedent, equal to the period of legal limitation of actions, should be followed and applied. But it has never been held in this court that an unexplained or inexcusable neglect to proceed for a long period, during which the other party has lost his means of defense, may not be a sufficient ground for denying a continuance. By section 755 an action in no case abates by the death of a party, where the cause of action survives, but, as an application to the court is necessary to authorize its revival or continuance, the court, we think, may, on the ground of inexcusable *laches*, or where, otherwise, irreparable injury will be suffered, deny the application. Legal rights are frequently lost by laches where no question of the statute of lim-

itations is involved; and we think the right to a continuance of an action on the death of a party, where the cause of action survives, is not of so absolute a character as to preclude the court, in the exercise of a legal discretion, having regard to all the circumstances, from denying a continuance. The power of the court to deny the application where the " delay has been unreasonable and, in any way, damaging to the defendant," was expressly recognized in *Evans* v. *Cleveland*. The primary duty to move to continue the action rested on the plaintiff. Assuming that the defendant might have compelled a revivor by the plaintiff, or, in the alternative, an abandonment of the action, this does not excuse the *laches* of the plaintiff. Section 761 only applies in case of the death or marriage of a plaintiff, and, in that case, authorizes the adverse party to apply for an order that the action abate unless continued by the proper parties within a specified time.

We think the motion was properly denied in this case. The action was not brought originally until the statute had nearly run. The order to file security for costs was made and served eight years before this motion was noticed, and has never been complied with. Park died three and a half years before the motion was made, and administrators of his estate were appointed in January, 1883. The plaintiff apparently waited until the parties and witnesses against him were dead before attempting to proceed with the action. His failure to file the bond would entitle the representatives of Park to apply for a dismissal of the action. (Code, § 3227.) The permission to file security at this time was made an essential part of the motion, and the court might properly deny the motion for this relief, and this alone would justify the denial of the whole motion.

The order should be affirmed.

All concur.

Order affirmed.