## MASON v. SANDFORD et al.

*(Supreme Court, General Term, First Department. March 31, 1892.)*

REVIVAL OF ACTION—LACHES.

An action commenced in 1879, against trustees of an insurance company, was brought to trial in 1887. Thereafter, one of the defendants having died, the original plaintiff procured an order severing the action, and reviving the same against his representative. An appeal was taken therefrom, which was decided by the court of appeals in 1890. The then plaintiff died prior to such decision, and the present plaintiff was substituted in his stead, and thereafter moved to sever the action, and revive the same against the executors of a defendant, who died in 1882, but of whose death plaintiff was ignorant until shortly before such motion. *Held,* that the delay in making the application was not such unreasonable laches as would justify its denial, it not being suggested that any injury had resulted, or would result, to appellants by reason of the delay, no rights having been lost, or evidence being unattainable, that could have been procured at the death of such original defendant.

Appeal from special term, New York county.

Action by Thomas F. Mason, as receiver of the Widows' & Orphans' Benefit Life Insurance Company, against Drurie S. Sandford and others, as executors of Samuel T. W. Sandford, deceased, to recover damages for improper distribution of the assets of said company by defendants' testator. From an order severing the action, and reviving the same against them, and granting leave to serve a supplemental summons and complaint, defendants appeal. Affirmed.

The action was commenced March, 1879, by Henry B. Pierson, as receiver, etc., and was brought to trial, and a decision given overruling a defense of the statute of limitations. December 13, 1887, Andrew W. Morgan, one of the defendants, having died, plaintiff Pierson moved to sever the action against him, and revive it against his administratrix. Such order was granted, and an appeal was taken therefrom to the general term, and from thence to the court of appeals, where the order was affirmed June 24, 1890. Plaintiff Pierson died January, 1890, and the present plaintiff was substituted in his stead, March 24, 1890. Samuel T. W. Sandford died October 30, 1882, leaving a will whereby he appointed defendants his executors. Plaintiff was ignorant of such death until a short time prior to the present application, which was made April 6, 1891.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*P. H. Vernon,* for appellants.    *William C. Trull,* for respondent.

PER CURIAM. The power of the court to grant this order has been settled by the court of appeals, affirming the order of this court reviving the action, as against the executors of another defendant. See *Mason* v. *Morgan,* 121 N. Y. 705, 24 N. E. Rep. 1100. The only question presented upon this appeal is whether the court below should have granted the application in the exercise of its discretion, or denied the same in consequence of laches in making the motion. The rule, as stated by the court of appeals in *Lyon* v. *Park,* 111 N. Y. 357, 18 N. E. Rep. 863, is that, "as the application to the court is necessary to authorize its revival or continuance, the court, we think, may, on the ground of unreasonable laches, or where otherwise irreparable injury will be suffered, deny the application." We think that the facts presented in this case show that the delay in making the application was not such unreasonable laches as would justify a denial thereof. It is not suggested that any injury has resulted, or will result, to the appellants, in consequence of the delay. No rights have been lost; no evidence is not now attainable that could have been procured at the time of the death of the appellants' testator; and nothing appears to indicate that the appellants have been in any way injured by the failure to revive within a reasonable time after the death of the appellants' testator. We think, therefore, that the order was right, and should be affirmed, with $10 costs and disbursements. All concur.