VAN TUYL, Superintendent of Banks, v. SCHWAB et al.

(Supreme Court, Appellate Division, First Department.   April 14, 1916.)

1. BANKS AND BANKING ⊂⊃49(6)—SHAREHOLDERS—ENFORCEMENT OF LIABILITY.

Banking Law (Consol. Laws, c. 2) § 196, as it stood in January, 1911, when the superintendent of banks took possession of the property of the bank in which defendants were shareholders, declared that, if default should be made in the payment of any debt or liability, the stockholders should be individually responsible equally and ratably for the then existing debts of the bank, but no stockholder should be liable to an amount exceeding the par value of the respective shares of stock held by him, while section 19 authorized the superintendent of banks to enforce the individual liability of stockholders.   Laws 1914, c. 369, revising the Banking Law, provides in section 80 that the superintendent of banks may determine the reasonable value of the assets of the corporation, and whether they are sufficient to pay the creditors in full, that if not he shall make demand in writing upon the shareholders, which shall state the total amount assessed by the superintendent against shareholders, and the equal and pro rata amount assessed against each shareholder, which demand shall also fix a date not earlier than 30 days from the date of the notice upon which shareholders shall be required to pay such assessment to the superintendent, and that in event of failure the superintendent of banks may in his own name recover against such shareholders either severally or jointly.   Held, that while, prior to the revision of the Banking Law, a suit to enforce the individual liability of shareholders had to be in equity, and all were necessary parties, the superintendent of banks may under the new law enforce the liability of a shareholder in an action to which others are not parties, for the ratable liability of each shareholder does not depend on recovery from others; this being particularly true where the indebtedness of the bank above the assets exceeded the total amount for which all the shareholders were liable.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 76; Dec. Dig. ⊂⊃49(6).]

2. BANKS AND BANKING ⊂⊃44—LIABILITY OF SHAREHOLDERS—STATUTES—RETROACTIVE EFFECT.

While Laws 1914, c. 369, § 80, in so far as it regulates service of process and fixes conditions precedent to enforcing the liability of shareholders in an insolvent bank, is not retroactive, it is, in so far as it fixes the procedure for such actions, applicable to actions instituted after its passage, although the cause of action arose before.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. § 63; Dec. Dig. ⊂⊃44.]

Appeal from Special Term, New York County.

Action by George C. Van Tuyl, Jr., Superintendent of Banks of the State of New York, against Charles M. Schwab and others.   From an order granting motion of certain defendants to strike the case from the Special Term calendar, plaintiff appeals.   Order reversed, and motion denied.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING, SMITH, and DAVIS, JJ.

Joseph A. Kellogg, of Glens Falls, for appellant.
Donald C. Strachan, of New York City, for respondents.

SMITH, J.   The plaintiff is superintendent of banks of the state of New York, and is here suing the stockholders of the Carnegie Trust

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Company to enforce their liability under section 196 of the Banking Law as stockholders for the debts of the corporation in excess of its assets, to an amount equal to the par value of the respective shares of stock held in such corporation at the time of the default. The complaint alleges that the plaintiff took possession of the property of the company on January 7, 1911; that the net assets did not exceed $2,400,000, while the allowed claims amounted to $4,502,993.63; and that therefore the deficiency amounts to considerably more than $1,-500,000.

[1] Subsequent to the bringing of the action one of the defendant stockholders died and an executor qualified; but the plaintiff failed to join him in this action, and for that reason this motion is made. Section 196 of the Banking Law as it stood on January 7, 1911, read as follows:

"If default shall be made in the payment of any debt or liability contracted by any such corporation, the stockholders thereof shall be individually responsible, equally and ratably, for the then existing debts of the corporation, but no stockholder shall be liable for the debts of the stockholder to an amount exceeding the par value of the respective shares of stock held by him in such corporation at the time of such default." Consol. Laws, c. 2.

Section 19 of said law provides in part that the superintendent may, upon taking possession of the property and business of a bank, "if necessary to pay the debts of such corporation, enforce the individual liability of the stockholders."

By chapter 369 of the Laws of 1914 the Banking Law has been revised. In section 80, as the law now reads, the superintendent of banks may determine the reasonable value of the assets of the corporation and that they are not sufficient to pay the creditors in full, and he may thereupon enforce the individual liability of such stockholders in whole or in part. The section then reads:

"In case he determines to enforce such liability, he shall make demand in writing upon such stockholders by causing such demand to be enclosed in sealed envelopes addressed and mailed, postage prepaid, to said respective stockholders at their last known places of address as the same appear upon the stock ledger of such corporation or at their last known address if no address appears in said ledger. Such demand shall state the total amount assessed by the superintendent against the stockholders and the equal and pro rata share assessed against each stockholder for each share of stock, and the total amount of such assessment for all the shares of stock of such stockholder. Such demand shall also fix a date, not earlier than thirty days from the date of such notice, upon which such stockholders shall be required to pay such assessment to the superintendent. In case any such stockholder shall fail or neglect to pay such assessment within the time fixed in said notice, the superintendent shall have a cause of action, in his own name as superintendent of banks, against such stockholder either severally or jointly with other stockholders of such corporation, for the amount of such unpaid assessment or assessments, together with interest thereon from the date when such assessment was, by the terms of said notice, due and payable. In any such action, the written statement of the superintendent, under his hand and seal of office, reciting his determination to enforce the individual liability, or any part thereof, of such stockholders, and setting forth the value of the assets of such corporation and the liabilities thereof, as determined by him after examination and investigation, shall be presumptive evidence of such facts as therein stated."

Prior to this re-enactment of the Banking Law there are a number of dicta, both in the Court of Appeals and in the Appellate Divisions, to the effect that the action not only must be in equity, but that all the stockholders are necessary defendants to such an action. I am referred to no cases where it has been held, either in the Court of Appeals or in this department, that all the stockholders were necessary defendants in an action brought to enforce the liability here sued upon. It is difficult to see any substantial ground upon which such necessity can be claimed to exist. The plaintiff must make proof of the value of the assets and of the extent of the liability of the corporation. Upon that proof each defendant is liable "individually" only for his share of such excess of indebtedness proportionate to the shares of stock held by him. In Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654, the liability of the defendant was under the statute there considered for the whole debt up to the value of the shares of stock which he held. The stockholder thus required to pay was allowed to sue for contribution from his fellow shareholders. No such liability can be predicated here upon the statutes under which this action was brought. The defendant has no right of contribution, because he is liable under the statute only for his ratable proportion. No liability is sought to be enforced by reason of the insolvency of any of his fellow stockholders. The admitted liabilities are alleged here to be in excess of $2,000,000 beyond the assets of the Trust Company. As the par value of the stock amounted only to $1,500,000, as alleged in the complaint, each stockholder is subject in any event to his full liability under the statute. Under the old statutes, where the phraseology was to the effect that the stockholder should be liable jointly and severally for the debts of the corporation to the extent of the par value of the stock which they held, it was held that an action might be brought against an individual stockholder, but the action must be in behalf of all of the creditors. Under the later statute, under which this action was brought, making each stockholder individually liable for his ratable share of the excess of liability, it is difficult to find any intent to change the procedure to require a joint action against all of the stockholders, where the liability of each stockholder could be in no manner changed by any claim that he might have against any of his costockholders.

[2] It is claimed by the appellant, however, that this action may proceed under section 759 of the Code of Civil Procedure, without bringing in the representatives of the deceased defendant. In that section, if one of two or more defendants dies, "if part only of the cause of action, or part or some of two or more distinct causes of action, survives to or against the others, the action may proceed, without bringing in the successor to the rights or liabilities of the deceased party." In Throop's note this section is explained as adopting the rule in Leggett v. Dubois, 2 Paige, 211, White v. Buloid, 2 Paige, 475, and Hoffman v. Tredwell, 6 Paige, 308. In none of those cases, however, was the deceased party a necessary party to the cause of action held to survive. The principle of the section was applied in the case of Lemon v. Smith, 20 App. Div. 523, 47 N. Y. Supp. 158. In

that case the deceased party was held only to be a proper party and not a necessary party to the plaintiff's cause of action. If these fellow stockholders be necessary parties to the cause of action against the other stockholders, I cannot read in that section any authority to proceed without their representatives, providing such representatives be within the jurisdiction of the court.

In the view that I take of this case, however, it is unnecessary to decide whether or not, under the Banking Law prior to the revision of 1914, all stockholders were necessary parties to the action as then brought. Nor is it necessary to decide whether under section 759 of the Code of Civil Procedure this action may proceed without the presence of the representatives of any stockholder who has died since the action was commenced. The revision of the Banking Law in 1914 changed the procedure, by authorizing the action to be brought against one or more of the stockholders. This statute was passed after this action was commenced. As far as the statute created certain conditions to the bringing of the action, as the service of a statement of the assets and liabilities upon the stockholder and a demand for payment from him, the statute is not retroactive. The intent of the Legislature determine the application. On the other hand, it would be incongruous to hold that this action must halt in case of the death of any defendant to bring in the representatives of the deceased party as a necessary party after the Legislature has declared the costockholder not to be a necessary party to enforce this very liability. To this extent the act declared a rule of procedure which will be presumed to apply to pending litigation, as well as to litigation thereafter arising. Sackheim v. Pigueron, 215 N. Y. 62–73, 109 N. E. 109, and cases cited.

The question here for review may not be of great importance in this particular instance, because of the fact that executors are already appointed, and could without great difficulty or great delay be made parties to the action. It is of great importance, however, to this plaintiff in this suit, as well as in other suits which may be pending, that the question be determined, because of the great embarassment to which he is subjected under the rule contended for that all stockholders are necessary parties to the action. In the case at bar there are 210 defendants. The action is brought to recover an aggregate of $1,500,000. If upon the death of every defendant it shall become necessary to stay the action until his representatives be appointed and made parties to the action, the delays will of necessity be so great as to amount to a practical denial of the right to recover at all. The courts will be slow to announce a rule that will lead to such great embarrassments in the administration of the law, and where the statute now authorizes the action to be brought against one or more of the stockholders, the courts should not hesitate to declare applicable to pending actions that rule of procedure.

The order appealed from should therefore be reversed with $10 costs and disbursements, and motion denied, with $10 costs. All concur.