Henry B. Wesselman et al., as Executors of Blanche Wesselman, Deceased, Respondents, v. Engel Company, Inc., et al., Appellants, et al., Defendants.

Order and judgment affirmed.

Dore, J. (dissenting). In an action to foreclose a mortgage on real estate, may plaintiffs, despite defense of laches, procure money and deficiency judgment against both obligor and guarantor on the mortgage, almost twenty years after institution of the action? That is the salient issue on this appeal by defendants-appellants from the judgment entered against them.

Defendant-appellant, the Engel Company, Inc., was the obligor, owner of the premises mortgaged, 121 Barclay Street, New York. The mortgaged real estate, previously leased to Swift & Company, had been used as a refrigerated wholesale meat storage warehouse. The obligor purchased the property in 1919 for $38,000 and put in improvements of about $30,000. On the mortgage that had matured October 2, 1927, the first default relied on in this action was failure to pay interest due on October 2, 1935; after that default, no part of interest, taxes or principal was ever paid. This action to foreclose was instituted June 28, 1935, by one Blanche Wesselman, plaintiff's testatrix; defendants-appellants failed to answer; on February 18, 1936, George C. Engel, guarantor on the mortgage died intestate and no administrator of his estate was appointed until 1952. In 1952, plaintiffs as creditors, petitioned the Surrogate's Court for the appointment of an administrator but on the cross motion of Gustave P. Engel, son of the guarantor, letters of administration were issued to defendant Gustave Engel on December 30, 1952.

On February 26, 1953, on plaintiff's motion to continue the action against the administrator that had been appointed in 1952 and discontinue against the distributees of the guarantor's estate, Special Term granted the motion on the express conditions, however, (1) that plaintiffs pay the administrator a full bill of costs to date and $250 counsel fee; and (2) that plaintiffs must stipulate that defendants' default in answering be opened and defendant permitted " to interpose an answer in which he may plead any defense as he may be advised "; and that on plaintiff's failure so to stipulate, the motion to continue was to be denied. Plaintiffs so stipulated; the answer was interposed with the defense of laches;

and on defendants' appeal from that order, this court affirmed (*Wesselman* v. *Engel,* 281 App. Div. 1026). In the memorandum opinion in connection with the motion to continue, the learned Special Term expressly stated: " The substituted defendant may plead *any defense* as he may be advised in his answer." (Italics ours).

Laches, if established, is a defense in a foreclosure proceeding. Obviously a delay of almost twenty years in prosecuting an action to foreclose a mortgage, is normally demonstrative of laches. In this case grievous injury to defendants-appellants was shown. A real estate expert testified that the fair market value of the property in June, 1935, was $50,000; it was established at trial that the current fair market value was $24,000; the expert also testified that in June, 1935, the premises had a rental value of $5,000 net per annum. It was impossible to rent or sell the property because of the pendency of the foreclosure action and the property was boarded up and vacant. During the pendency of the foreclosure action, the son of the guarantor made demand within a few months of his father's death that the action be brought to an expeditious conclusion. Credible evidence showed that at the time of the inception of the foreclosure action the real estate could have been sold for much more than the mortgage and the then expenses. During the long delay, the building deteriorated until it was worth almost nothing. Although almost twenty years elapsed from inception of the action to its trial and judgment, the learned court overruled the defense of laches, entered money judgment against defendants-appellants in plaintiffs' favor for about $68,000, and directed deficiency judgments against both defendants-appellants after sale of the property. Defendants' brief shows that the property has since the trial been sold and deficiency judgment entered on March 29, 1954, in the sum of $48,861.15 against the Engel Company, Inc., the obligor and $44,762.26 against the estate of George C. Engel, the guarantor.

The learned Referee overruled the defense of laches on the ground that *defendants* could have moved to dismiss for failure to prosecute. But obviously the burden was on the *plaintiffs,* not on defendants expeditiously to prosecute the foreclosure action. " The primary duty to move to continue the action rested on the plaintiff. Assuming that the defendant might have compelled a revivor by the plaintiff, or, in the alternative, an abandonment of the action, this does not excuse the *laches* of the plaintiff." (*Lyon* v. *Park,* 111 N. Y. 350, 357, 358.)

The Referee also ruled that the order of continuance by Special Term in 1953 is *res judicata* as laches was claimed in that motion. However, when Special Term vacated the default in answering and permitted an answer to be interposed, the court expressly stated that the answer might contain any defense defendants were advised to interpose. He could not have intended in that *procedural* motion to pass on the *merits* of the defenses to be interposed but merely permitted them to be interposed so they could be raised and disposed of on the *merits at a trial.* In reason, what sense would there be in allowing the defense of laches to be set up in the answer to be interposed, if Special Term simultaneously was deciding that the defense was overruled? Obviously the question of prejudice as a result of the delay, necessarily involved in a defense of laches, involves issues of fact that are to be determined at a trial and not on affidavits in a procedural motion.

Defendants concede that plaintiffs have the right to judgment of foreclosure and sale but their defense is directed entirely to the money judgment and deficiency judgment which plaintiffs sought and procured. Such judgment depends upon equitable principles and a court of equity adopts its relief to the state of facts disclosed at the time of the decree after trial. Plaintiffs' inordinate laches

should discharge defendants-appellants as to the money and deficiency judgment, and, in our opinion, the court erred in granting such judgment. Complete affirmance would be inequitable, especially against the guarantor whose duties are always *strictissimi juris*.

Diligence on the part of a plaintiff is a condition precedent to calling a court of equity into activity (*Lyon* v. *Park*, 111 N. Y. 350, *supra*). Laches in instituting or prosecuting a foreclosure action is a release from liability for deficiency and especially is this true with regard to a guarantor (*National Sav. Bank* v. *Fermac Corp.*, 241 App. Div. 204, affd. 266 N. Y. 443; *Remsen* v. *Beekman*, 25 N. Y. 552).

Accordingly we dissent and vote to modify the judgment appealed from against defendants-appellants by striking out the direction for money and deficiency judgments and by dismissing the complaint insofar as it seeks such judgments allowing, however, the decretal regarding foreclosure to stand.

Peck, P. J., Callahan and Bastow, JJ., concur in decision; Dore, J., dissents in opinion in which Cohn, J., concurs.

Order and judgment, so far as appealed from, affirmed, with costs.

[See *post*, p. 1057.]