(160 App. Div. 41)

VAN TUYL, Superintendent of Banks, v. ROBIN et al.

(Supreme Court, Appellate Division, First Department. December 31, 1913.)

BANKS AND BANKING (§ 47*)—LIABILITY FOR BANKS' DEBTS—"STOCKHOLDER."

As regards individual liability for stockholders of a banking corporation for its debts, under Banking Law (Laws 1909, c. 10 [Consol. Laws 1909, c. 2]) § 2, providing the term "stockholder" shall apply, not only to such persons as appear, by the books of the corporation, to be stockholders, but also to every owner of stock, legal or equitable, though it be on such books in the name of another, but not to a person who holds it as collateral, there is no exception in favor of one who appears by the books to be a stockholder, though in fact only a pledgee.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 62, 64–68, 341; Dec. Dig. § 47.*

For other definitions, see Words and Phrases, vol. 7, pp. 6667–6669; vol. 8, p. 7804.]

Laughlin, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by George C. Van Tuyl, Jr., Superintendent of Banks of the State of New York, against Joseph G. Robin and others. From part of an interlocutory judgment on demurrers (80 Misc. Rep. 360, 142 N. Y. Supp. 535), certain defendants appeal, and from part of it plaintiff appeals. Reversed in part, and affirmed in part, with leave to answer.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, DOWLING, and HOTCHKISS, JJ.

Henry H. Abbott, of New York City, for appellant.

Philip W. Russell, of New York City, for respondent Jesup.

Edward M. Grout, of New York City, for respondent People's Surety Company.

DOWLING, J. Having reached the conclusion that the interlocutory judgment herein is correct in so far as concerns the questions raised as to its validity by the defendants appellants, we shall discuss only the cross-appeal of the plaintiff, which affects but two of the defendants. Plaintiff appeals from so much of said judgment as overrules his demurrers to the affirmative defense contained in the answer of the defendant Edward N. Jesup, and to the separate defense and the counterclaim contained in the amended answer of the defendant People's Surety Company of New York.

The action was brought by the State Superintendent of Banks to enforce the statutory liability of the stockholders of the Northern Bank of New York in liquidation. The defendant People's Surety Company, by its separate defense, alleges that the stock standing in its name was held by it as collateral security against its contingent liability on an indemnity bond issued by it, and avers that a new certificate for the stock in question was issued to it by the Hamilton Bank in April, 1907, in substitution for the stock originally standing in the name of the pledgor, such new stock being issued in the name of the surety company; that on May 11, 1910, such liability having terminated, this defendant surrendered the certificate thus issued in its own name to the party from whom it had received the same. By way of counterclaim it alleges the same facts, and demands that its name be stricken from the stock books, and that of the true owner substituted.

The defendant Jesup alleges that, at the request of the Fourth National Bank, which held 50 shares of the Northern Bank stock as collateral, he permitted the transfer of said stock into his name as agent or trustee for said Fourth National Bank, and that prior to the time when plaintiff took possession of the Northern Bank said stock was sold at public auction by the Fourth National Bank.

The state Constitution (article 8, § 7), as adopted in 1894, provides:

"The stockholders of every corporation and joint-stock association for banking purposes, shall be individually responsible to the amount of their respective share or shares of stock in any such corporation or association, for all its debts and liabilities of every kind."

By section 2 of the Banking Law (chapter 10, Laws 1909 [Consol. Laws 1909, c. 2]) a stockholder is thus defined:

"The term 'stockholder,' when used in this chapter, shall apply not only to such persons as appear by the books of the corporation to be stockholders, but also to every owner of stock, legal or equitable, although the same may be on such books in the name of another person, but not to a person who may hold the stock as collateral for security for the payment of a debt."

It is the contention of the respondents that the stock standing in their names as owners was actually held as security for the payment of a debt, and that therefore they are relieved from liability under the last clause of the sentence quoted.

Under the earlier Constitution of 1846, the liability attaching to stockholders was thus defined (article 8, § 7):

"The stockholders in every corporation and joint-stock association for banking purposes, issuing bank notes or any kind of paper credits to circulate as money, after the first day of January, one thousand eight hundred and fifty, shall be individually responsible to the amount of their respective share or shares of stock in any such corporation ·or association for all its debts and liabilities of every kind, contracted after the said first day of January, one thousand eight hundred and fifty."

By chapter 226, Laws of 1849, the Legislature undertook to effectuate this provision of the Constitution by defining who were to be deemed stockholders thereunder, and in the course thereof declared that the term applied "to every equitable owner of stock, although the same may appear on such books in the name of another person."

In 1858, in Matter of Empire City Bank, 18 N. Y. 199, the question came before the Court of Appeals whether a holder of record of stock of a bank of issue could escape liability under the foregoing enactment by showing that he held the stock as collateral security only. It was held that such a pledgee was a "stockholder" within the meaning of the constitutional provision and the act of 1849. In the course of the opinion (pages 224, 225), Judge Denio said:

"The Legislature manifestly intended to enforce the constitutional provision. This is stated in terms in the title of the act, and is apparent from its provisions. We are not at liberty to construe the second section in such a manner as to exempt from liability any parties whom the Constitution has made liable.   *   *   *   Stockholders who have transferred their shares by way of hypothecation certainly retain an equitable interest in them, and hence are in some sense equitable owners; but the parties to whom the stock was transferred, and in whose name it is registered, are the stockholders. This was decided in a well-considered case in the former Supreme Court, shortly before the Constitution was adopted.   Adderly v. Storm, 6 Hill, 624. And when the constitutional convention came to attach a liability to stockholders of banks, it may fairly be concluded that the term was used in the sense which the court had affixed to it.   *   *   *   We have only to decide whether the lenders, to whom the stock had been transferred on the books, were legally chargeable.   I am of the opinion that they are fairly included in the constitutional provision, and that the Legislature has not attempted to establish a different rule."

The reasoning of this case is quite applicable to the case at bar. The Constitution has imposed the liability in question upon all stockholders in banking corporations. If by fair intendment, the legislative provisions can be so construed as to conform to the constitutional direction, and not so as to limit or qualify it, that course should be followed. We believe, therefore, that the true meaning of section 2 of the Banking Law is to define stockholders as including: (1) Every

person who appears by the books of the corporation to be a stockholder; *and* (2) every owner of stock, legal or equitable, though the same may be of record in the name of another, *except* a person who holds stock as collateral for security for the payment of a debt. Thus the first class is without exception; the second has but one exception. The second class is not a limitation of the first, but an addition to it. The respondents herein come within the first class, for they were stockholders of record. The exception, applicable only to the second class, does not apply to or save them harmless from liability. That would only be the case if they were owners of the stock for the purpose indicated, but were not owners of record.

The judgment appealed from, in so far as it overrules the plaintiff's demurrers to the answers of the defendants Jesup and People's Surety Company, and to the counterclaim of the latter, will be reversed, with costs, and the demurrers sustained, with costs. In all other respects the judgment appealed from is affirmed, with costs to the plaintiff respondent against the defendants appealing, with leave to the defendants Ferdinand Hall, Abe Baer, and Daniel Seymour to withdraw demurrers and to answer upon payment of costs in this court and in the court below.

INGRAHAM, P. J., and McLAUGHLIN and HOTCHKISS, JJ., concur.

LAUGHLIN, J. I dissent from the reversal, and vote for affirmance.