EUGENE LAMB RICHARDS, as Superintendent of Banks of the State of New York, Respondent, *v.* ROBERT McK. ACKERMAN, Sole Surviving Executor, etc., of CORNELIUS H. ACKERMAN, Deceased, and Others, Defendants, Impleaded with RAY M. GAFFNEY, Appellant.

Third Department, December 28, 1916.

Banks — statutory liability of stockholders — unauthorized record in name of another — failure to repudiate unauthorized act — ratification.

A person is a stockholder in a banking institution and subject to the individual liability of a stockholder (1) where his name appears on the books of the corporation as a stockholder, or (2) where he is the owner of the

stock legally or equitably, although the same may be recorded in the name of another, except a person who holds stock as security for the payment of a debt.

While a person cannot wrongfully cause another to be recorded upon the books of a banking corporation as a stockholder without his knowledge or consent so as to make him liable, yet where a purchaser of banking stock without authority caused it to be recorded in the name of another, the latter may be charged with the statutory liability where the fact of the unauthorized record having been brought to his knowledge, he did not repudiate the act. Although the act was originally unauthorized his failure to repudiate it amounted to a ratification.

LYON, J., dissented, with opinion.

APPEAL by the defendant, Ray M. Gaffney, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 5th day of May, 1916, upon the decision of the court after a trial before the court, a jury having been waived.

*Hinman, Howard & Kattell* [*Archibald Howard* of counsel], for the appellant.

*McManus & Buckley* [*John T. Buckley* of counsel], for the respondent.

KELLOGG, P. J.:

Concededly, if the defendant Gaffney was a stockholder in the Binghamton Trust Company, he is liable. It was determined in *Van Tuyl* v. *Robin* (160 App. Div. 41; affd., without opinion, 211 N. Y. 540) that a stockholder in a banking institution is (1) one who appears upon the books of the corporation as a stockholder, or (2) the owner of stock, legally or equitably, though the same may be of record in the name of another, except a person who holds stock as collateral security for the payment of a debt.

A person cannot wrongfully cause another to be recorded upon the books of a banking corporation as a stockholder without his knowledge or consent and thus make him liable. One can only become a stockholder with the knowledge or assent of himself or his authorized agent.

When Klages purchased the stock if he had requested Gaffney to permit him to cause it to be recorded in Gaffney's name

and Gaffney had consented, clearly he would be liable as a stockholder. (*Kenyon* v. *Fowler,* 155 Fed. Rep. 107; affd., 215 U. S. 593.) Klages caused the name of Gaffney to be entered upon the bank books without his knowledge or consent. Gaffney could treat this as a wrongful act and repudiate it, or adopt the act and make it his own with the same effect as if he had assented to it in advance. Upon obtaining the certificate in Gaffney's name Klages brought it to Gaffney and said: "I went up to the trust company and transferred it to your name to make a delivery, and asked if I would indorse it, which I did and handed it back to him." That apparently was the entire transaction and was a ratification by Gaffney of the issuing of the certificate in his name. He was called upon to repudiate or affirm the act which Klages had done in his name. If he had repudiated the act, notified Klages and the trust company that the act was unauthorized and then had indorsed the certificate to enable the unauthorized act to be corrected, he would have escaped liability, as there would be an entire absence of ratification and the certificate would be in his name without his authority or consent. (*Keyser* v. *Hitz,* 133 U. S. 138; *Glenn* v. *Garth,* 133 N. Y. 18.) The misfortune to Gaffney comes from the fact that he was willing to permit Klages to use his name and freely ratified the act of Klages when he was informed of the use which had been made of it. The judgment should, therefore, be affirmed, with costs.

All concurred, except LYON, J., who dissented in opinion.

LYON, J. (dissenting):

I dissent upon the ground that concededly the stock was placed in Gaffney's name without his knowledge or consent; that he was never legally nor equitably the owner thereof, and never had any interest whatever in it; that the certificate standing in his name made it necessary that he indorse it in order that it might pass from under his name, and that he indorsed it for that purpose alone.

Having acquired knowledge upon the presentation of the certificate of stock to him for his indorsement that it stood in his name upon the books of the trust company, had he then refused

to indorse it in order that it might not longer appear to be owned by him, he might properly be held to have ratified the act of Klages in placing the stock in his name and properly be held liable as the owner thereof.

Judgment affirmed, with costs.