RAY M. GAFFNEY, Appellant, *v.* PEOPLE'S TRUST COMPANY OF BINGHAMTON, as Executor, etc., of FREDERICK M. WEED, Deceased, Respondent.

Third Department, May 5, 1920.

Tax — stock transfer tax — transfer of stock as basis of action — assignment of certificate in blank — unstamped certificate no defense to action — non-payment of tax must be proven as defense.

In an action by a stockholder of record of an insolvent trust company to recover from the executor of the actual owner of the shares of stock the amount he paid as his statutory liability, the plaintiff is entitled to recover on proving a transfer of the certificate in blank, a delivery thereof to the testator and that it remained in his possession till the time of his death and is now in the possession of his executor, though there are no stamps on the certificate showing that the transfer tax had been paid, for in the case of a transfer by delivery of a certificate assigned in blank, the stamps must be attached, under section 315 of the

former Tax Law, to a bill or memorandum of the sale delivered by the seller to the buyer, and, therefore, the fact that the certificate did not have a stamp affixed to it is not evidence that the tax had not been paid, but such fact of non-payment must be proved as a defense.

APPEAL by the plaintiff, Ray M. Gaffney, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Broome on the 9th day of February, 1920, upon the decision of the court, rendered after a trial by the court without a jury, dismissing the complaint on the merits.

*Hinman, Howard & Kattell* [*H. S. Hinman* of counsel], for the appellant.

*Jenkins, Deyo & Hitchcock* [*Israel T. Deyo* of counsel], for the respondent.

H. T. KELLOGG, J.:

On the 20th day of January, 1909, one C. Frederick Hess was the owner of twenty-one shares of the capital stock of the Binghamton Trust Company, a banking corporation organized under the laws of the State of New York. The certificate representing these shares was upon that day surrendered to the corporation, and in its place two certificates were issued, one of which was for twenty shares and named the plaintiff, Ray M. Gaffney, as the person entitled thereto. This certificate was issued without the knowledge or authority of the plaintiff. On the same day a broker named Klages told the plaintiff that he had sold the twenty shares to one Frederick M. Weed, and requested the plaintiff to sign his name below a blank assignment which appeared in print on the back of the certificate, in order that he might make a delivery to Weed. The plaintiff signed as requested, and upon the same day the certificate was delivered to Weed, who paid Klages $3,000 therefor. The certificate remained in the possession of Weed until his death and is now in the possession of the defendant as the executor of his will. On April 9, 1909, the Binghamton Trust Company had become insolvent, and the Superintendent of Banks of the State of New York upon that day took possession. Its liabilities proved to be far in

excess of the amount of its entire capital stock, and accordingly the Superintendent of Banks assessed all the stockholders of record for the full amount of their statutory liability. The stock delivered to Weed had never been transferred to him upon the books of the trust company. Consequently, the name of the plaintiff still appeared thereupon as the owner, and he was accordingly assessed as one of the stockholders of record. He resisted payment of the assessment on the ground that he had never been the owner of the certificate either legally or equitably. In an action brought against him to recover the amount of the assessment it was held that, irrespective of the ownership of the stock, this plaintiff as stockholder of record was liable for the assessment. (*Richards* v. *Ackerman*, 175 App. Div. 746; affd., 223 N. Y. 721.) The plaintiff paid the judgment rendered against him, and thereupon brought this action to recover the amount so paid from the estate of Frederick M. Weed. After a trial of this action before the court, without a jury, the complaint of the plaintiff was dismissed, and from the judgment of dismissal this appeal was taken.

Chapter 241 of the Laws of 1905, adding section 315 to the former Tax Law (Gen. Laws, chap. 24; Laws of 1896, chap. 908), imposed a tax upon all sales, agreements of sale, memoranda of sales, or deliveries or transfers of shares of stock in any corporation. Section 323 of the former Tax Law, as added by the act of 1905, provided as follows: " No transfer of stock made after June first, nineteen hundred and five, on which a tax is imposed by this article, and which tax is not paid, at the time of such transfer shall be made the basis of any action or legal proceedings, nor shall proof thereof be offered or received in evidence in any court in this State." These sections were in force on January 20, 1909, when the certificate in question was delivered to Frederick M. Weed. The Court of Appeals in construing the language quoted has definitely held that in any action based upon a transfer of stock the failure to pay a tax is an affirmative defense, and that in such an action the defendant must allege non-payment in his answer and establish non-payment by a preponderance of the proof. (*Bean* v. *Flint*, 204 N. Y. 153.) The defendant in this action disputes liability solely upon the ground that a stock transfer tax was not paid

when the plaintiff indorsed the certificate, and the same was transferred to the testator of the defendant.

The plaintiff proved without contradiction that the certificate was indorsed in blank by the plaintiff; that it was delivered to the testator of the defendant; that he paid $3,000 therefor; that the certificate remained in his possession until the time of his death; that it is now in the possession of the defendant. This was sufficient evidence to create liability on the ~art of the defendant in favor of the plaintiff if the evidence was competent. (*Johnson* v. *Underhill*, 52 N. Y. 203.) It was competent under the authority of *Bean* v. *Flint* (*supra*), unless at some time during the trial it appeared that the tax had not been paid. No testimony or other direct evidence was given to establish non-payment. For proof thereof the defendant relied exclusively upon the fact that the certificate neither upon its face nor upon the back bore the stamps required to be used when stock is transferred, and asks us to infer from their absence that the tax was never paid. The inference might be drawn were it not for the fact that section 315 of the former Tax Law, as added by chapter 241 of the Laws of 1905, did not provide for the affixing of such stamps to a stock certificate where the assignment thereof is made in blank. The section reads: " The payment of such tax shall be denoted by an adhesive stamp or stamps affixed as follows: In case of sale where the evidence of transfer is shown by the books of the company the stamp shall be placed upon such books; and where the change of ownership is by transfer certificate the stamp shall be placed upon the certificate; and in cases of an agreement to sell or where the transfer is by delivery of the certificate assigned in blank there shall be made and delivered by the seller to the buyer a bill or memorandum of such sale to which the stamp provided for by this article shall be affixed." The transfer in this case was clearly one where the transfer was made by the delivery of a certificate assigned in blank, so that the transfer tax stamps should have been placed, not upon the certificate, but upon a memorandum of sale made to accompany the delivery thereof. No proof was introduced to show that a memorandum of sale was or was not made, or that stamps were not affixed to such memorandum as required by law. Therefore, there was no proof that the tax

had not been paid which rendered the evidence of ownership by the testator of the defendant incompetent. The plaintiff was, therefore, entitled to judgment.

The judgment should be reversed and judgment entered in favor of the plaintiff.

All concur.

Judgment in favor of the defendant reversed and judgment directed in favor of the plaintiff for the amount demanded in the complaint, with interest and costs to the plaintiff. This court disapproves that portion of finding 16 which finds that the tax required to be paid on transfer of stock, under section 270 of the Tax Law,* was not paid; and also finds as facts the requests of the plaintiff to find which the trial court refused to find.

———

* See Tax Law (Consol. Laws, chap. 60; Laws of 1909, chap. 62), § 270; Id. § 270, added by Laws of 1910, chap. 38, as amd. by Laws of 1911, chap. 352; Laws of 1912, chap. 292, and Laws of 1913, chap. 779; Id. § 278.— [REP.