JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, Plaintiff, *v.* BETCO CORPORATION, Defendant.

Supreme Court, New York County, October 20, 1933.

*John A. Mullen*, for the plaintiff.

*William M. Kilcullen* [*William M. Kilcullen* and *Emil Morosini, Jr.*, of counsel], for the defendant.

FRANKENTHALER, J.   This is an action by Joseph A. Broderick, as Superintendent of Banks of the State of New York, to recover from the defendant the sum of $5,000, representing an assessment of $25 per share upon 200 shares of stock held by the defendant in the Bank of Europe Trust Company on August 28, 1931, the date upon which the plaintiff took possession of said institution for the purpose of liquidating its affairs.   The capital of the Bank of Europe Trust Company on August 28, 1931, consisted of 40,000 shares of stock each having a par value of $25, the total capital stock amounting to $1,000,000.

The complaint alleges that the plaintiff has determined from his examination of the bank's affairs that the reasonable value of its assets is not sufficient to pay its creditors in full and that the difference between the reasonable value of the assets and the total due to creditors is in excess of the $1,000,000 represented by the issued and outstanding capital stock.

A number of the defendant's contentions may be quickly disposed of.   The claim that the plaintiff has failed to establish a *prima facie* case that the stock assessment is necessary to pay creditors of the bank is without merit.   The proof adduced by the plaintiff was clearly sufficient to make out a cause of action against the defendant for the recovery of the amount assessed. The certificate executed by the plaintiff pursuant to section 80 of the Banking Law, to the effect that the liabilities exceed the assets in a specified amount, is, in itself, by the very terms of that section, presumptive evidence of the facts therein stated.   As was well said in *Broderick* v. *Adamson* (148 Misc. 353, at p. 369): " Under the statute, plaintiff is entitled to rest upon the certificate alone, and should not be required as part of his case to justify the facts therein stated.   (*Marine Trust Co.* v. *Nuway Devices, Inc.*, 204 App. Div. 752.)   To hold the contrary would clearly impair or destroy the presumption and circumvent the plain purpose

of the statute." Even apart from the certificate, the evidence introduced by the plaintiff was sufficient to put the defendant to its proof. As to the point made by the defendant that the certificate of the plaintiff does not comply with section 80 of the Banking Law because it fails to list the assets and liabilities in detail, it is only necessary to call attention to the fact that the certificate in the instant case is similar to those used in *Skinner* v. *Schwab* (229 N. Y. 549) and in *Richards* v. *Ackerman* (175 App. Div. 746; affd., 223 N. Y. 721). The plaintiff clearly established a *prima facie* case against the defendant which the evidence elicited by the latter failed to overcome.

The defendant's point that the complaint is insufficient in that it fails to set forth facts showing the existence of a deficiency in the assets of the bank, is not well taken. The pleading alleges all the facts required by section 80 of the Banking Law. It is neither necessary nor proper to set forth in detail in the complaint the assets and liabilities of the bank. This would be pleading evidence.

The contention that section 80 of the Banking Law is unconstitutional is sufficiently answered in the comprehensive opinion of Mr. Justice LYDON in *Broderick* v. *Adamson* (*supra*, at p. 374). The argument that subdivision 4 of section 57 of the Banking Law, which permits the Superintendent of Banks to take possession of an institution which cannot with safety and expediency continue business, is unconstitutional is equally without merit. Nor is there any force in the defendant's proposition that an action to recover an assessment may not be maintained until all the assets of the bank have been applied to its debts or until a judicial determination of the existence of a deficiency shall have been had. (*Broderick* v. *Adamson, supra,* at pp. 372, 373.)

The defendant urges also that a cause of action for the recovery of the amount of an assessment levied against stockholders of a banking institution can be maintained only in an equity action in which all the stockholders are parties defendant. Section 80 of the Banking Law was amended in 1914 by adding a provision expressly permitting the Superintendent of Banks to maintain a suit " against such stockholder, either severally or jointly with other stockholders of such corporation, for the amount of such unpaid assessment or assessments." It follows that an action may be prosecuted against an individual stockholder. (See *Van Tuyl* v. *Schwab,* 172 App. Div. 670.) No resort to equity is necessary in the case at bar in view of the fact that each stockholder will be liable for the full par value of the stock held by him, the liabilities of the bank exceeding its assets by more than the

aggregate par value of the issued and outstanding capital stock. The situation is analogous to that referred to in *Van Tuyl* v. *Sullivan* (173 App. Div. 391, at pp. 394, 395): " If the pleader, as in this case, gives the amount of the assets and the amount of the liabilities, and there is such an apparent disparity between them that each stockholder will be required to pay the full amount of his statutory liability, I can see no good purpose to be served by bringing an action in equity for an accounting." (See, also, *Van Tuyl* v. *Schwab, supra;* appeal dismissed, 217 N. Y. 663; *Broderick* v. *Adamson, supra,* at p. 368.)

There remains for consideration only the defendant's contention that an agreement entered into between the plaintiff and the Manufacturers Trust Company during the year 1931 constituted an unlawful delegation to the Manufacturers Trust Company of the power and authority to liquidate vested in the plaintiff by statute. It is the defendant's claim that the liquidation was conducted by the Manufacturers Trust Company, and not by the plaintiff, and that the defendant was, therefore, discharged from any liability it might otherwise have been under to pay an assessment levied upon its stock.

There are several separate and distinct answers to the argument thus advanced by the defendant. In the first place, examination of the agreement between the plaintiff and the Manufacturers Trust Company reveals that the transaction between the parties thereto constituted a sale of the assets by the plaintiff to the Manufacturers Trust Company, and not, as the defendant charges, an appointment of the Manufacturers Trust Company as the plaintiff's liquidating agent. Section 69 of the Banking Law authorizes the Superintendent of Banks, with the approval of this court, to sell or otherwise dispose of all or any of the real or personal property of an institution of which he has taken possession. The sale provided for in the agreement between the Superintendent and the Manufacturers Trust Company did receive the approval of this court. A similar contract was construed as a sale by the Circuit Court of Appeals in *Gockstetter* v. *Williams* (9 F. [2d] 354). Such cases as *Jackson* v. *McIntosh* (12 F. [2d] 676) and *Mobley* v. *Marlin* (166 Ga. 820; 144 S. E. 747) are clearly distinguishable in that the so-called purchaser in each of those cases did not obligate·itself to pay any part of the alleged purchase price except out of the assets received from the alleged seller. As the court said in *Mobley* v. *Marlin* (*supra*, at p. 834): " in neither case was there any present payment of anything, or the payment of any portion of the obligation by any outside fund contributed or to be furnished and paid by the would-be purchaser." In the instant case, however, the

agreement required the Manufacturers Trust Company to make an immediate down payment to the Superintendent of the sum of $5,794,530.49 regardess of whether or not the liquidation of the assets by the Manufacturers Trust Company ultimately produced that sum. The circumstance that the agreement contains provisions requiring the plaintiff's approval of any compromises made by the Manufacturers Trust Company of claims in excess of $5,000, and of expenses and disbursements of the Manufacturers Trust Company does not prevent the agreement from being one of sale. The amount of the purchase price to be paid by the Manufacturers Trust Company, in excess of the $5,794,530.49 previously referred to, depended upon the amounts realized by the Manufacturers Trust Company from the disposal of the assets purchased by it. The plaintiff, therefore, had a vital interest in supervising the liquidation to the end that the aggregate purchase price received by the plaintiff might be as large as possible. The fact that the price to be paid could only become certain with the lapse of time and the progress of the liquidation does not destroy the essential character of the agreement as one of sale. (*Gockstetter* v. *Williams*, *supra*, at p. 356.)

The defendant makes the point that even if the agreement were in form one of sale, the evidence indicates that it was actually treated as constituting the Manufacturers Trust Company the plaintiff's agent for the purpose of liquidating the bank. The evidence relied upon by the defendant to support this claim does not, however, substantiate it. It indicates, at most, that the Manufacturers Trust Company treated the transaction on its own books and records as a liquidation on behalf of the plaintiff. The manner in which the Manufacturers Trust Company treated the transaction on its own books and records is not, however, binding upon the plaintiff. The plaintiff, as vendor, had no control over the manner in which the Manufacturers Trust Company, as vendee, kept its books and records. The failure of the Manufacturers Trust Company to obtain conveyances of all the assets sold to it by the plaintiff is likewise not chargeable to the latter. The Manufacturers Trust Company was entitled to the conveyances upon demand. Its failure to make such a demand in a number of instances cannot affect the rights of the parties as fixed by the terms of the agreement itself or the character of the relationship established by the agreement.

Even if the agreement were regarded as an appointment of the Manufacturers Trust Company as the plaintiff's liquidating agent, rather than as a contract of sale, the plaintiff would, nevertheless, be entitled to recover. The agreement contained a provision that

it was not to go into effect unless approved by the holders of two-thirds of the stock of the Bank of Europe Trust Company. This approval was obtained at a stockholders' meeting at which the defendant's stock was voted in favor of the agreement's approval. The defendant is estopped, under the circumstances, from questioning the validity of the agreement. Moreover, even if it be assumed that the agreement constituted an unlawful delegation of the plaintiff's powers, that would not be a defense to the present action. It is not a condition precedent to the levy and recovery of an assessment by the Superintendent of Banks that the liquidation of the institution shall have been completed or even that the liquidation shall have commenced. As previously pointed out, the fact that all or some of the assets may not have been disposed of by the Superintendent does not affect the latter's right to levy and collect an assessment. The right to assess is distinct from and not dependent upon the progress of the liquidation. The assessment may be levied and an action for its recovery maintained at any time after the Superintendent has taken possession, provided that the time of creditors to file claims has expired. (Banking Law, § 80.) It follows that it is no defense to an action to recover an assessment that the liquidation may have been conducted in an improper manner. (See, also, *Broderick* v. *Adamson, supra,* at p. 373.) Whatever rights, if any, the defendant may possess by reason of the alleged wrongful conduct on the part of the Superintendent in connection with the liquidation of the bank's affairs, it is clear that the defendant's liability to pay the assessment is not discharged thereby. *The important fact is that the liabilities exceed the assets and the creditors are entitled to the benefit of an assessment upon the stockholders.*

An additional answer to the defense under discussion is that the evidence adduced by the defendant fails to establish that the proceeds of the liquidation would have been larger had the contract between the plaintiff and the Manufacturers Trust Company not been entered into. It follows that the defendant has not shown that it suffered any loss by reason of the alleged wrongful delegation of the plaintiff's power and authority.

The motions to dismiss the complaint and for a direction of judgment in favor of the defendant are denied with exceptions to the defendant. The motions to strike out the defenses and counterclaim are granted with exceptions to the defendant.

Judgment is directed in favor of the plaintiff for the sum of $5,000, together with interest from September 1, 1932, and the costs and disbursements of this action.