## Gordon, Secretary of Banking, v. Kratzer

*Mark T. Milnor*, for plaintiff; *Robert E. Woodside, Jr.*, for defendant.

Fox, J., February 18, 1935.—We have before us an affidavit of defense raising two questions of law which are as follows:

"1. The Act of May 13, 1876, P. L. 161, and its supplements and amendments, upon which the action is based, creates additional liability on shareholders of banks but not on shareholders of similar institutions such as trust companies, and therefore establishes an arbitrary, unreasonable and improper classification which renders the said statute unconstitutional and void being in violation of article III, sec. 3 of the Constitution of the Commonwealth of Pennsylvania.

"2. Section 37 of the Act of June 15, 1923, P. L. 809, provides that the Secretary of Banking, 'may enforce the individual liability of such stockholders to such extent as may be necessary.' Therefore an assessment of the nature attempted in this case cannot be imposed until the plaintiff has exhausted the assets of the bank and the necessity of an assessment and the amount thereof has been definitely and judicially determined."

At the argument of the case the defendant did not argue the first reason because we had disposed of that question in the case of Gordon, etc., v. Corbett, 40 Dauph. 26, holding the Act of 1876 to be constitutional.

The question before us therefore is, can the assessment attempted to be made by the plaintiff, the liquidator of the bank, be imposed before the latter has exhausted the assets of the bank and the necessity for an assessment and the amount thereof have been definitely and judicially determined?

At the time the action was brought, the statute in force was the Act of June 15, 1923, P. L. 809, section 37 of which provides as follows:

"Whenever the stockholders of a corporation whereof the secretary shall have taken possession are liable, in addition to their liability as such stockholders for unpaid subscriptions, to an amount equal to the par value of their stockholdings in such corporation, and the secretary has determined from his examination of the affairs of the corporation that the reasonable value of its assets is not sufficient to pay its creditors in full, he may enforce the individual liability of such stockholders to such extent as may be necessary."

Since the action was brought, said Act of 1923 was repealed by the Act of May 15, 1933, P. L. 565, which also repealed the Act of 1876, under which the State Bank of Klingerstown was incorporated.

The statement filed in the case discloses that on December 17, 1931, the assets of the said bank amounted to $260,122.64 and the liabilities to $328,140.75 and it further discloses that on or about the time the statement was filed, which was October 18, 1934, the liabilities exceeded the assets by $53,434.62.

The number of shares of stock issued was 500 and the par value of each share $50. An assessment of 100 percent on each share of stock would amount to $25,000, which with the assets remaining at the time the statement was filed would not cover the liabilities by $28,434.62.

In the case of Gordon v. Wilhour, in the Court of Common Pleas of Northumberland County, September term, 1933, no. 910, Lark, J., said: "The right of the secretary to levy the assessment up to the full par value of the defendant's stock is not absolute; he can levy only so much as may be necessary to pay the creditors. There should be sufficient facts given in the statement to show not only the necessity for an assessment but how much money is necessary to cover the situation. It is true that the evidence proposed to be offered upon the trial of the case need not be set out in the statement, but the statement must be complete so that the court may know whether or not the plaintiff is entitled to judgment if he properly applies therefor.

"We have held above that the Act of 1876 is constitutional and that, therefore, the defendant is liable in this action. It follows that under the Act of 1923, the Secretary of Banking has a right to enforce the defendant's liability."

In the case of Gordon, etc., v. Corbett, 40 Dauph. 26, this court by implication said that in a proper case the liquidator could proceed before a judicial determination of the necessity for an assessment.

We are not referred to any other cases decided in the courts of Pennsylvania since the passage of the Act of 1923, nor have we found any. The decisions cited to us, which were determined prior to the Act of May 21, 1919, P. L. 209, sec. 27, do not throw much light upon the question, for the reason that the last mentioned act was the first one which gave authority to the commissioner of banking or liquidator to proceed to determine the amount and assess the liability against the stockholder. Previously the practice was for the court to appoint receivers who would come into court and petition for a judicial determination after which if made, the receiver would proceed to collect upon order of the court. This practice was abolished by the Acts of 1919, 1923, and 1933, supra.

In the case of Kirschler v. Wainwright, 255 Pa. 525 (1917), the court, at pages 535, 536, said:

"In conclusion we may say: while the authorities on the subject indicate that, when the enforcement of the whole statutory liability of a stockholder is necessary to assist in meeting the demands of a given situation, a formal assessment of a particularly designated amount is not required, yet they also show that, in a case like this, judicial ascertainment of the fact of the necessity for such a full enforcement is required before a right of action accrues against the stockholder of an insolvent corporation." The former part of this quotation is alone decisive of the instant case for it is clear from the statement that the whole liability of all the stockholders is necessary to pay the debts.

In the case of Broderick, etc., v. McGuire et al. (Conn.), 174 Atl. 314, the court at page 322, said:

"The statutes, in giving the plaintiff the right to levy the assessments when he has actually ascertained that a deficiency of assets exists, clearly mean that the insufficiency is to be determined as of the time the assessment is made, and if it then exists, the superintendent of banks is authorized to enforce the lia-

bility of stockholders. See Broderick v. Aaron, 151 Misc. 516, 272 N. Y. S. 219, 230. If later other assets are secured by him, so that the assessment in whole or in part proves to be unnecessary, as we have pointed out, the assets in his hands come back to the stockholders. That it is not necessary to wait until the liquidation of the affairs of the bank has been completed is expressly held by the Supreme Court of New York in Broderick v. Bétco Corporation, 149 Misc. 245, 267 N. Y. S. 139, a construction of the law in which we concur."

The intent and spirit of our law is to protect the depositors and make the assets available to them as early as possible and, for this purpose, such proceeding as is taken in the instant case may be pursued whenever it reasonably appears to the liquidator, and he decides, that the assets are not sufficient to meet the liabilites. The judicial determination of the necessity is not required under the Act of 1923, nor the Act of 1933, supra, before suit is brought.

The attorney for the defendant contends that the word "whenever" as used in section 37 of the Act of 1923, to wit: "Whenever the stockholders of a corporation . . . are liable" does not create a liability until the assets of the bank have been exhausted. We cannot agree with this. We are of opinion that the liability accrues when it is with reasonable certainty ascertained that the liabilities exceed the assets.

Wherefore we are of the opinion that the affidavit of defense raising questions of law cannot be sustained and should be decided against the defendant.

And now, February 18, 1935, upon due consideration the affidavit of defense raising questions of law is decided against the defendant and he is given 15 days from the date of filing this opinion to file an affidavit of defense to the averments of fact.