WILLIAM R. WHITE, as Superintendent of Banks of the State of New York, Plaintiff, *v.* PEARL ADLER and Others, Impleaded with EMANUEL BAKER and Others, Defendants.

Supreme Court, New York County, June 23, 1936.

*Carl J. Austrian* [*Harold N. Cohen* of counsel], for the plaintiff.

*M. Arthur Helfhat,* for the defendant Emanuel Baker.

COTILLO, J. The judgment obtained against the grantee of the moving defendant is not an adjudication of which the latter may avail himself. There is no privity between a predecessor in interest, as such, and his successor in interest, which makes a judgment against the latter binding on the former and, conversely, a judgment against the successor may not be taken advantage of by the predecessor. (See 1 Freeman Judgments, § 442.) Moreover, it does not appear that the adjudication that the grantee of the moving defendant was the stockholder of record at the time the bank closed was necessarily material to the judgment obtained against the grantee, for the latter had admitted in his answer that he was the owner of the stock and a judgment against him for the amount of the assessment was, therefore, proper in any event. (*Van Tuyl* v. *Robin,* 160 App. Div. 41; affd., 211 N. Y. 540.) As " a judgment does not operate as an estoppel in a subsequent action between the parties as to immaterial or unessential facts, even though put in issue by the pleadings and directly decided " (*Rudd* v. *Cornell,* 171 N. Y. 114, 128), the present motion in so far as it is based on the theory of *res adjudicata* must be denied.

Nor may it be said that the plaintiff has made an election of inconsistent remedies. It is well settled that both the owner and the record holder of the stock are liable for the assessment. (*Van Tuyl* v. *Robin, supra; Richards* v. *Ackerman,* 175 App. Div. 746.)

As to the claim that the plaintiff possesses no cause of action against the moving defendant, it need only be stated that the court is of opinion that under the plaintiff's version of the facts a good cause of action is made out. (*Broderick* v. *Aaron* [*Kessler*], 268 N. Y. 411.)

The motion for summary judgment dismissing the complaint is accordingly denied.